| | |
|---|---|
| JEANETTE SCOTT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:24-cv-00541-SRB |
| ) | |
| AHTNA ENGINEERING SERVICES, LLC, ) | |
| d/b/a ADVANCIA + AHTNA ) | |
| JOINT VENTURE, ) | |
| ) | |
| and ) | |
| ) | |
| ADVANCIA TECHNOLOGIES, LLC, ) | REQUEST FOR JURY TRIAL |
| d/b/a ADVANCIA + AHTNA ) | |
| JOINT VENTURE, ) | |
| Defendants. ) | |

## FIRST AMENDED COMPLAINT

COMES NOW Plaintiff Jeanette Scott, by and through undersigned counsel, and for her First Amended[1] Complaint against Defendants Ahtna Engineering Services, LLC ("Ahtna") and Advancia Technologies, LLC ("Advancia") (collectively, "Defendants"), states as follows:

1. Plaintiff Jeanette Scott ("Plaintiff") is a fifty-five-year-old female and resident of the State of Missouri.

2. Defendant Ahtna is an Alaskan limited-liability company doing business in Missouri.

3. Defendant Ahtna has one member: Ahtna Diversified Holdings, LLC.

4. Ahtna Diversified Holdings, LLC has one member: Ahtna Netiye', LLC.

5. Ahtna Netiye', LLC has one member: Ahtna, Inc.

---

[1] [1] Federal Rule of Civil Procedure 15(a)(1)(B) allows a party to amend its pleading once 21 days after a responsive pleading is filed. This is Plaintiff's first amendment of this pleading and is done within 21 days of either Defendant filing a responsive pleading, which occurred on September 11, 2024.

6. Ahtna, Inc. is a corporation incorporated under the laws of Alaska with its principal place of business in Alaska.

7. Defendant Advancia is an Oklahoma limited-liability company doing business in Missouri.

8. Defendant Advancia has one member: Potawatomi Business Development Corporation.

9. Potawatomi Business Development Corporation is a tribally chartered corporation pursuant to the Forest County Potawatomi Community, with its principal place of business in Wisconsin.

10. This case involves the following intentional torts:

   a. Age discrimination in employment, including discharge from employment, in violation of the Missouri Human Rights Act, R.S.Mo. § 213.010 *et seq*. and;

   b. Retaliation in violation Family Medical Leave Act ("FMLA") 29 U.S.C.A § 2615 *et seq*.

11. During her employment with Defendant(s), Plaintiff worked exclusively at 6000 East Geospace Drive, Independence, Jackson County, Missouri 64056.

12. Defendants took adverse employment actions towards Plaintiff, including her discharge from employment, at Defendant's place of business in Independence, Jackson County, Missouri.

13. These facts make jurisdiction and venue of this case proper in Jackson County, Missouri and in this Court.

14. Defendants Ahtna and Advancia each employ more than six people and are an "employer" within the meaning of the Missouri Human Rights Act, R.S.Mo. § 213.010.8.

15. Upon information and belief, Defendants each employed over 500 employees in 2022, the calendar year preceding the adverse employment actions at issue in this lawsuit.

16. This Court has jurisdiction over this matter pursuant 28 U.S.C. § 1332(a)(1), as there is complete diversity between the parties and the amount in controversy is greater than $75,000.

17. This Court equally and alternatively has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as Counts IV-VI arise under the laws of the United States—specifically, the FMLA—and the Court has supplemental jurisdiction over Plaintiff's other claims pursuant to 28 U.S.C. § 1367(a), as such claims are so related as to form a single case or controversy.

## **FACTS COMMON TO ALL COUNTS**

18. At the time of Defendants adverse employment actions against Plaintiff, Plaintiff's age was fifty-four (54).

19. Plaintiff worked at the Geospace location for nearly 21 years.

20. The business conducted by Defendants at the Geospace location is maintain paper records and files on behalf of the Social Security Administration.

21. This is a government contract which is awarded to various contractors, but will not award the same entity the contract twice.

22. Throughout her 20 years working in this position, Plaintiff worked for multiple entities individually, and with other as a "joint venture", including Defendants.

23. Almost every time the company was awarded the contract, the same supervisory employees in upper management remained.

24. Plaintiff was ultimately promoted to the position of Assistant Supervisor and served in the role until she was discharged on or about April 12, 2023.

25. Prior to Plaintiff's discharge, Plaintiff had no issues performing job duties and no prior disciplinary action.

26. In fact, Plaintiff was regularly given high performance appraisals.

27. Prior to October 2017, Plaintiff worked exclusively for Defendant Ahtna.

28. In or about October 2017, Defendants formed a "joint venture" to take over the Social Security Administration contract.

29. As part of that transition, Defendant Ahtna eliminated the position of three Assistant Supervisors.

30. Defendant Advancia offered identical positions to all but these three Assistant Supervisors.

31. All of these three Assistant Supervisors were over the age of 55, and included the two oldest Assistant Supervisors who were employed by Defendant Ahtna (and had the most seniority amongst Assistant Supervisors).

32. Two of these employees had utilized of were currently utilizing leave pursuant to the Family Medical Leave Act.

33. At the time of that transition, Plaintiff was younger than each of the eliminated supervisors.

34. Following the 2017 "joint venture," the management structure of Defendants included:

    a. Michelle Marshall, Program Manager of over both Defendants, assigned to Defendant Advancia (formerly Marhsall was formerly a Project Manager with Defendant Antha prior to the 2017 joint venture);

b. Joe Martinez, sole Site Manager, assigned to Defendant Ahtna (formerly Martinez was the Site Manager for Defendant Ahtna prior to the 2017 joint venture);

c. Rob Buzan, sole "Alternate Site Manager," assigned to Defendant Advancia (formerly alternative site manager for Defendant Ahtna prior to the 2017 joint venture); and

d. Jade l/n/u, Director of Operations, assigned to Defendant Ahtna.

35. The two Defendants have common management, ownership, and financial control.

36. This is demonstrated by each Defendant having the same individual serving in the same or similar high-level leadership positions.

37. There is also centralized control over labor relations of Defendants for purposes of the Geospace location.

38. This is demonstrated by the entities utilizing common forms for time off, medical leave, evaluations, and other employment communications.

39. Similarly, Defendants have represented themselves as one in receiving the contract for work at the Geospace location from the Social Security Administration.

40. Thus, Defendants are a single enterprise and should be considered one and the same as Plaintiff's employer.

41. Additionally, and alternatively, the Defendants were joint employers of Plaintiff.

42. Both Defendants maintain control of the terms and conditions of Plaintiff's former employment, including jointly imposing rules, policies, and procedures on Plaintiff.

43. Both Defendants had the ability to make substantial decisions regarding the hiring and firing of employees and elimination of positions.

44. At the end of 2022, the awarded contract was due to change.

45. In June 2022, Plaintiff suffered a torn rotator cuff in a personal, non-work-related accident.

46. Plaintiff was able to continue working for several months with she tried conservative treatments.

47. In or about August 2022, all Supervisors and Assistant Supervisors were brought to a conference room for a meeting.

48. Present at this meeting were Marshall, Jade, Martinez, and Buzan.

49. In this meeting, the Supervisors and Assistant Supervisors were told that management wanted to be "transparent."

50. Management informed the Supervisors and Assistant Supervisors that Defendants' joint contract was changing at the end of the year.

51. The Supervisors and Assistant Supervisors were told that they would need to submit their resumes to management by December 31, 2022.

52. At this time, Plaintiff was the one of the oldest Assistant Managers.

53. Plaintiff ultimately was referred for surgery, which was to take place in September 2022.

54. Plaintiff took FMLA leave beginning in September 2022.

55. Plaintiff submitted her resume.

56. Plaintiff was originally scheduled to return from her FMLA leave shortly after her surgery.

57. However, Plaintiff developed a detached retina and had to take additional FMLA leave until mid-December.

58. Plaintiff was able to return to work in mid-December 2022, at which time she underwent an interview.

59. Following the interview, Plaintiff continued to perform her job without issue until March 29, 2023.

60. On March 29, 2023, Jennifer Bretthorst, Plaintiff's direct supervisor, came to Plaintiff as Plaintiff was working.

61. Bretthorst told Plaintiff that upper management wanted to meet with Plaintiff.

62. Plaintiff was brought to a conference room where Martinez and Buzan were waiting, along with Jade and Kjersti Parker, Senior Director of Operations, appearing via video call.

63. Plaintiff was told that two Assistant Supervisor position had been eliminated and that Plaintiff's position was selected.

64. Plaintiff was not told why her position specifically had been eliminated.

65. Buzan then told Plaintiff to gather her belongings immediately.

66. Plaintiff was escorted off the property by Buzan.

67. Buzan told Plaintiff that she was not allowed back on the property.

68. One Supervisor was also discharged on March 29, 2023.

69. That employee was the oldest Supervisor.

70. Likewise, Plaintiff was one of the oldest Assistant Supervisors.

71. Further, the Operations Manager and Quality Control Manager positions were combined.

72. Defendants elected to give the position to the younger of the two employees, resulting in Roberta Taylor (then 57 years old) to be discharged.

73. Thus, the end result was that **at three levels of management, the oldest individuals were selected to be discharged.**

74. Plaintiff, another Assistant Supervisor, one Supervisor, and the Operations Manager, were all discharged while *younger*, less experienced individuals were allowed to keep their jobs.

75. This mirrors the decision that was made in 2017, resulting in the two oldest Assistant Supervisors being selected for discharge.

76. Defendant Ahtna has a history of discharging older employees.

77. Defendant Ahtna has a history of discharging employees who had utilized various medical leaves, including FMLA, workers compensation, and Americans with Disabilities Act/Missouri Human Rights Act leaves.

78. All actions or inactions of or by Defendants occurred by or through its agents (including but not limited to each other), servants, or employees, acting within the course and scope of their employment, as set forth herein.

79. On or about September 21, 2023, Plaintiff duly filed a timely Charge of Discrimination with the Equal Employment Opportunity Commission and the Missouri Commission on Human Rights in violation of the Human Rights Act, R.S.Mo. § 213.010 *et seq*, alleging that Defendants engaged in discriminatory actions that are being raised in this lawsuit, or alternatively, all conduct alleged herein would have arisen from the investigation of such Charge of Discrimination.

80. A Notice of Right-to-Sue letter for each Defendant, both dated April 24, 2024, has been issued and this action was brought within ninety (90) days from the issuance of such Right-to-Sue letter from the Missouri Commission on Human Rights.

81. Plaintiff has fulfilled all conditions precedent to the bringing of these claims under the Missouri Human Rights Act and has duly exhausted all administrative procedures prior to instituting this lawsuit in accordance with the law.

## COUNT I – AGE DISCRIMINATION IN VIOLATION OF THE MISSOURI HUMAN RIGHTS ACT
(against all Defendants)

82. Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 81 of her First Amended Complaint, as though fully stated herein.

83. Plaintiff was jointly employed by Defendants.

84. Plaintiff was between the age of forty and seventy at all times relevant to this lawsuit.

85. Defendants took adverse employment actions against Plaintiff, including her discharge from employment on March 29, 2023.

86. These adverse employment actions were part of a larger continuing pattern removing the oldest employees from the workforce at the Geospace location.

87. A/The motivating factor in the adverse employment actions, including Plaintiff's discharge from employment, was Plaintiff's age.

88. Plaintiff has never been presented with a justification for why she was selected for discharge over other Supervisors.

89. Other Supervisors with less service time and worse disciplinary records were not discharged from employment.

90. Other Supervisors with less service time and worse disciplinary records were offered new employment.

91. The conduct of Defendants, as set forth above, was done with evil motive or in reckless disregard for the rights of Plaintiff.

92. As a direct and proximate result of Defendants' unlawful conduct, including wrongfully discharging Plaintiff's employment, Plaintiff has suffered irreparable injury, including past and future pecuniary issues, loss of employment opportunities, emotional pain, suffering, humiliation, inconvenience, mental anguish, and loss of enjoyment of life, and will continue to suffer the same unless and until this Court grants relief.

93. The Missouri Human Rights Act allows for Plaintiff to recover her costs and attorneys' fees incurred in bringing this action.

WHEREFORE, Plaintiff prays for judgment against Defendants for compensatory damages in an amount exceeding $75,000.00; for punitive damages; for Plaintiff's costs, expenses, and attorneys' fees occurred herein; for equitable relief of reinstatement or front play in lieu of reinstatement, and for all other relief deemed just and proper by this Court.

### **COUNT II – AGE DISCRIMINATION IN VIOLATION OF THE MISSOURI HUMAN RIGHTS ACT (against Defendant Ahtna and in the alternative to Counts I and III)**

94. Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 93 of her First Amended Complaint, as though fully stated herein.

95. Plaintiff was employed by Defendant Ahtna.

96. Plaintiff was between the age of forty and seventy at all times relevant to this lawsuit.

97. Defendant Ahtna took adverse employment actions against Plaintiff, including her discharge from employment on March 29, 2023.

98. These adverse employment actions were part of a larger continuing pattern removing the oldest employees from the workforce at the Geospace location.

99. A/The motivating factor in the adverse employment actions, including Plaintiff's discharge from employment, was Plaintiff's age.

100. Plaintiff has never been presented with a justification for why she was selected for discharge over other Supervisors.

101. Other Supervisors with less service time and worse disciplinary records were not discharged from employment.

102. Other Supervisors with less service time and worse disciplinary records were offered new employment.

103. The conduct of Defendant Ahtna, as set forth above, was done with evil motive or in reckless disregard for the rights of Plaintiff.

104. As a direct and proximate result of Defendant Ahtna's unlawful conduct, including wrongfully discharging Plaintiff's employment, Plaintiff has suffered irreparable injury, including past and future pecuniary issues, loss of employment opportunities, emotional pain, suffering, humiliation, inconvenience, mental anguish, and loss of enjoyment of life, and will continue to suffer the same unless and until this Court grants relief.

105. The Missouri Human Rights Act allows for Plaintiff to recover her costs and attorneys' fees incurred in bringing this action.

WHEREFORE, Plaintiff prays for judgment against Defendant Ahtna for compensatory damages in an amount exceeding $75,000.00; for punitive damages; for Plaintiff's costs, expenses, and attorneys' fees occurred herein; for equitable relief of reinstatement or front play in lieu of reinstatement, and for all other relief deemed just and proper by this Court.

## COUNT III – AGE DISCRIMINATION IN VIOLATION OF THE MISSOURI HUMAN RIGHTS ACT
### (against Defendant Advancia and in the alternative to Counts I and II)

106. Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 105 of her First Amended Complaint, as though fully stated herein.

107. Plaintiff was employed by Defendant Advancia.

108. Plaintiff was between the age of forty and seventy at all times relevant to this lawsuit.

109. Defendant Advancia took adverse employment actions against Plaintiff, including her discharge from employment on March 29, 2023.

110. These adverse employment actions were part of a larger continuing pattern removing the oldest employees from the workforce at the Geospace location.

111. A/The motivating factor in the adverse employment actions, including Plaintiff's discharge from employment, was Plaintiff's age.

112. Plaintiff has never been presented with a justification for why she was selected for discharge over other Supervisors.

113. Other Supervisors with less service time and worse disciplinary records were not discharged from employment.

114. Other Supervisors with less service time and worse disciplinary records were offered new employment.

115. The conduct of Defendant Advancia, as set forth above, was done with evil motive or in reckless disregard for the rights of Plaintiff.

116. As a direct and proximate result of Defendant Advancia's unlawful conduct, including wrongfully discharging Plaintiff's employment, Plaintiff has suffered irreparable injury,

12

Case 4:24-cv-00541-SRB    Document 18    Filed 09/13/24    Page 12 of 17

including past and future pecuniary issues, loss of employment opportunities, emotional pain, suffering, humiliation, inconvenience, mental anguish, and loss of enjoyment of life, and will continue to suffer the same unless and until this Court grants relief.

117. The Missouri Human Rights Act allows for Plaintiff to recover her costs and attorneys' fees incurred in bringing this action.

WHEREFORE, Plaintiff prays for judgment against Defendants for compensatory damages in an amount exceeding $75,000.00; for punitive damages; for Plaintiff's costs, expenses, and attorneys' fees occurred herein; for equitable relief of reinstatement or front play in lieu of reinstatement, and for all other relief deemed just and proper by this Court.

## COUNT IV – RETALIATION IN VIOLATION OF THE FAMILY MEDICAL LEAVE ACT, 29 U.S.C.A. § 2615 et seq. (against all Defendants)

118. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 117 of her First Amended Complaint as though fully stated herein.

119. Plaintiff was jointly employed by both Defendants.

120. Plaintiff engaged in activity protected by the FMLA.

121. This activity included requesting FMLA leave and using FMLA leave.

122. Plaintiff's request for leave pursuant to FMLA was legitimate, as evidenced by the approval of the leave by Defendants following the medical provider's certification.

123. Defendants took adverse actions against Plaintiff.

124. These actions included but are not limited to discharging her from employment.

125. These actions were motivated by Plaintiff's exercise of rights granted by FMLA and Plaintiff's engaging in activity protected by FMLA.

126. As a direct and proximate result of Defendants' unlawful conduct outlined above, including wrongfully discharging Plaintiff from employment, Plaintiff has suffered irreparable injury, including monetary loss, lost salary and wages, lost employment benefits, and other compensation, as well as interest on these amounts calculated at the prevailing rate.

127. Defendants' actions were not performed in good faith nor based on any reasonable grounds, entitling Plaintiff to an additional award of liquidated damages.

128. Plaintiff is also entitled to recover her reasonable attorneys' fees, reasonable expert witness fees, and other costs of this action from Defendant.

WHEREFORE, the Plaintiff prays for judgment against the above-named Defendants for all damages allowable by law, for interest as allowed by law, for the costs of this action, for her attorneys' fees, for equitable relief of reinstatement or front play in lieu of reinstatement, and for all other relief deemed just and proper by this Court.

### COUNT V – RETALIATION IN VIOLATION OF THE FAMILY MEDICAL LEAVE ACT, 29 U.S.C.A. § 2615 *et seq.* (against Defendant Ahtna and in the alternative to Counts IV and VI)

129. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 127 of her Complaint as though fully stated herein.

130. Plaintiff was employed by Defendant Ahtna.

131. Plaintiff engaged in activity protected by the FMLA.

132. This activity included requesting FMLA leave and using FMLA leave.

133. Plaintiff's request for leave pursuant to FMLA was legitimate, as evidenced by the approval of the leave by Defendant Ahtna following the medical provider's certification.

134. Defendant Ahtna took adverse actions against Plaintiff.

135. These actions included but are not limited to discharging her from employment.

136. These actions were motivated by Plaintiff's exercise of rights granted by FMLA and Plaintiff's engaging in activity protected by FMLA.

137. As a direct and proximate result of Defendant Ahtna's unlawful conduct outlined above, including wrongfully discharging Plaintiff from employment, Plaintiff has suffered irreparable injury, including monetary loss, lost salary and wages, lost employment benefits, and other compensation, as well as interest on these amounts calculated at the prevailing rate.

138. Defendant Ahtna's actions were not performed in good faith nor based on any reasonable grounds, entitling Plaintiff to an additional award of liquidated damages.

139. Plaintiff is also entitled to recover her reasonable attorneys' fees, reasonable expert witness fees, and other costs of this action from Defendant Ahtna.

WHEREFORE, the Plaintiff prays for judgment against Defendant Ahtna for all damages allowable by law, for interest as allowed by law, for the costs of this action, for her attorneys' fees, for equitable relief of reinstatement or front play in lieu of reinstatement, and for all other relief deemed just and proper by this Court.

## COUNT VI – RETALIATION IN VIOLATION OF THE FAMILY MEDICAL LEAVE ACT, 29 U.S.C.A. § 2615 *et seq.* (against Defendant Advancia and in the alternative to Counts V and IV)

140. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 139 of her First Amended Complaint as though fully stated herein.

141. Plaintiff was employed by Defendant Advancia.

142. Plaintiff engaged in activity protected by the FMLA.

143. This activity included requesting FMLA leave and using FMLA leave.

144. Plaintiff's request for leave pursuant to FMLA was legitimate, as evidenced by the approval of the leave by Defendant Advancia following the medical provider's certification.

145. Defendant Advancia took adverse actions against Plaintiff.

146. These actions included but are not limited to discharging her from employment.

147. These actions were motivated by Plaintiff's exercise of rights granted by FMLA and Plaintiff's engaging in activity protected by FMLA.

148. As a direct and proximate result of Defendant Advancia's unlawful conduct outlined above, including wrongfully discharging Plaintiff from employment, Plaintiff has suffered irreparable injury, including monetary loss, lost salary and wages, lost employment benefits, and other compensation, as well as interest on these amounts calculated at the prevailing rate.

149. Defendant Advancia's actions were not performed in good faith nor based on any reasonable grounds, entitling Plaintiff to an additional award of liquidated damages.

150. Plaintiff is also entitled to recover her reasonable attorneys' fees, reasonable expert witness fees, and other costs of this action from Defendant Advancia.

WHEREFORE, the Plaintiff prays for judgment against Defendant Advancia for all damages allowable by law for interest as allowed by law, for the costs of this action, for her attorneys' fees, for equitable relief of reinstatement or front play in lieu of reinstatement, and for all other relief deemed just and proper by this Court.

## **DEMAND FOR JURY TRIAL**

Plaintiff requests a trial by jury in the United Stated District Court for the Western District of Missouri, Western Division, in Kansas City on all accounts and allegations of wrongful conduct alleged in this First Amended Complaint.

Respectfully submitted,

  /s/ Robert A. Bruce
Daniel L. Doyle, MO Bar No. 37305
Robert A. Bruce, MO Bar No. 69985
Noah D. Ballard, MO Bar No. 69953
Brittany K. Ussery, MO Bar No. 76098
DOYLE & BRUCE LLC
748 Ann Avenue
Kansas City, Kansas 66101
Telephone: (913) 543-8558
Facsimile: (913) 543-3888
Dan@KCLaw.com
Robert@KCLaw.com
Noah@KCLaw.com
Brittany@KCLaw.com
ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

    I hereby certify that a true and accurate copy of the above and foregoing was served via the Court's electronic filing system to all attorneys of record.

  /s/ Robert A. Bruce
Attorney for Plaintiff