# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI
### WESTERN DIVISION

| | | |
|---|---|---|
| JEANETTE SCOTT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| AHTNA ENGINEERING SERVICES, | ) | CASE #4:24-cv-00541-SRB |
| LLC, d/b/a ADVANCIA + AHTNA | ) | |
| JOINT VENTURE, | ) | |
| And | ) | |
| ADVANCIA TECHNOLOGIES, LLC, | ) | |
| d/b/a ADVANCIA + AHTNA JOINT | ) | |
| VENTURE | ) | |
| | ) | |
| Defendants. | | |

## DEFENDANT ADVANCIA TECHNOLOGIES, LLC'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

Pursuant to Federal Rule of Civil Procedure 56 and Local Rule 56.1, Defendant Advancia Technologies, LLC ("Advancia" or "Defendant"), by and through its undersigned counsel, submits this Memorandum in Support of Defendant's Motion for Summary Judgment. Based on the undisputed material facts and the law, summary judgment is appropriate on all Plaintiff's claims against Defendant.

1

# TABLE OF CONTENTS

**Page**

I.      INTRODUCTION .................................................................................................5

II.     STATEMENT OF MATERIAL FACTS ..............................................................7

        A.      Nature of the Business at the NRC.............................................................7

        B.      2023 Reduction in Force. ...........................................................................9

        C.      Plaintiff's Employment at the NRC. ........................................................13

        D.      Plaintiff's FMLA Leave Usage ................................................................15

III.    ARGUMENT ......................................................................................................16

        A.      Summary Judgment Standard....................................................................16

        B.      Plaintiff's Age Discrimination Claim under the MHRA Fails As a
                Matter of Law............................................................................................18

                1.      Plaintiff cannot establish a prima facia case of age
                        discrimination....................................................................................18

                2.      Even if Plaintiff could establish a prima facie case of age
                        discrimination, she cannot demonstrate that Advancia's
                        legitimate and nondiscriminatory reasons for her termination
                        are pretext. ........................................................................................20

        C.      As a Matter of Law, Plaintiff Cannot Establish FMLA Retaliation ..........21

IV.     CONCLUSION ..................................................................................................24

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Celotex Corp. v Catrett*,
477 U.S. 317 (1986) ................................................................................................ 17

*Edmund v. MidAmerican Energy Co.*,
299 F.3d 679 (8th Cir. 2002) ................................................................................ 21

*Hanebrink v. Brown Shoe Co.*,
110 F.3d 644 (8th Cir. 1997) ................................................................................ 20

*Harvey v. Anheuser-Busch, Inc.*,
38 F.3d 968 (8th Cir. 1994) .................................................................................. 20

*Holloway v. Pigman*,
884 F.2d 365 (8th Cir. 1989) ................................................................................ 17

*Matsushita Electric Industrial Co. Ltd. v Zenith Radio Corp.*,
475 U.S. 574 (1986) ................................................................................................ 17

*McDonnell Douglas. Sisk v. Picture People, Inc.*,
669 F.3d 896 (8th Cir. 2012) .................................................................... 21, 22, 23

*Midstate Oil Co., Inc. v. Missouri Comm'n. on Human Rights*,
679 S.W.2d 842 (Mo. banc 1984) ........................................................................ 18

*Rose-Maston v. NME Hospital*,
133 F.3d 1104,1107-1109 (8th Cir. 2003) .......................................................... 20

*Shiffman v. Kansas City Royals Baseball Club, LLC*,
687 s.W.3d 443 (Mo. Ct. App. 2024) .................................................................. 18

*Smith v. Allen Health Sys., Inc.*,
302 F.3d 827 (8th Cir. 2002) ................................................................................ 23

*Thornberry v. McGehee Desha County Hosp.*,
403 F.3d 972 (8th Cir. 2005) ................................................................................ 21

*Walton v. McDonnell Douglas Corp.*,
167 F.3d 423 (8th Cir. 1999) ................................................................................ 18

Case 4:24-cv-00541-SRB    Document 66    Filed 05/02/25    Page 3 of 24

*Ward v. International Paper Co.*,
    509 F.3d 457 (8th Cir. 2007) ...................................................................... 21

*West v. Conopco Corp.*,
    974 S.W.2d 554 (Mo. Ct. App. 1998) .................................................. 18, 19

## STATUTES

RSMo. § 213.010(1) ...................................................................................... 18

RSMo § 213.055 ............................................................................................ 17

## RULES

Fed. R. Civ. P. 56 ................................................................................. 1, 16, 17

Rule 56.1 ......................................................................................................... 1

# I.     INTRODUCTION

This lawsuit arises from Plaintiff's termination from employment necessitated by a decline in work and resulting reduction in the workforce. Plaintiff makes a claim of age discrimination in violation of the Missouri Human Rights Act and an additional claim for FMLA retaliation.

Plaintiff was employed by Ahtna Engineering Services LLC ("Ahtna") and worked at the Social Security Administration ("SSA") National Records Center ("NRC") in Independence, Missouri. Plaintiff held the position of Assistant Supervisor.

The NRC is the repository for paper records maintained by the SSA. The SSA solicits bids from potential contractors to perform the work at the NRC. Typically, the SSA NRC contract is awarded for a five (5) year term. Over the years, the volume of work performed at the NRC decreased dramatically. This workload reduction was primarily a function of the SSA moving away from paper records, which are maintained at the NRC, and instead utilizing electronic records. As a result of this decreased workload, the labor and management needs for performing the work has also decreased.

Advancia and Ahtna formed a joint venture, Advancia Ahtna Joint Venture LLC ("AAJV"), which was awarded a five-year contract for the NRC work in late 2017. Prior to this contract award, Advancia was not involved in the work at the NRC.

AAJV is an unpopulated joint venture, which means the joint venture has no employees. The employees performing work under the AAJV NRC contract were employed by one of the joint venture partners, either Advancia or Ahtna. Per the joint

venture agreement, Ahtna is responsible for 60% of the NRC workforce and Advancia is responsible for 40% of the NRC workforce. Plaintiff was employed by Ahtna.

When AAJV's 2017 contract with the SSA was expiring in 2022, a new joint venture, Ahtna Advancia Joint Venture ("Second Joint Venture") was formed between non-party Ahtna Infrastructure & Technologies LLC and Advancia for the purpose of submitting a competitive proposal to the SSA for a new NRC contract. In its solicitation for bid, the SSA noted a significant decrease in the paper files to be handled in the new contract. In recognition of the decreased workload, the Second Joint Venture's bid included a reduction in the number of Assistant Supervisors. Two of the eight Assistant Supervisor Positions would be eliminated. SSA awarded the contract, beginning in April 2023, to the newly formed Second Joint Venture.

In preparation for the potential award of the SSA contract and the respective reduction in personnel, a team of four (4) managers (the "Team"), two from Ahtna and two from Advancia, developed the selection criteria for downsizing and the Team selected the most qualified employees for retention. Plaintiff's Assistant Supervisor Position was selected for elimination.

Plaintiff admits an employee who is older than Plaintiff was retained as an Assistant Supervisor. Plaintiff points to no evidence that Plaintiff's age was a consideration in the selection process. Plaintiff admits no ageist remarks were ever made to her and that she has never been treated differently because of her age.

Plaintiff also fails to put forth evidence that Advancia selected her for termination because of her FMLA usage. Plaintiff was not an Advancia employee and never requested

FMLA leave from Advancia. Plaintiff requested and received FMLA leave from her employer, Ahtna, on several occasions over the years and admits no one ever treated her differently or made negative statements about her usage of FMLA. Plaintiff's final FMLA request was made to Ahtna on September 2, 2022. Plaintiff was selected for discharge on January 24, 2023. Plaintiff's age and FMLA usage were not factors in the Team's termination decision. Advancia is entitled to summary judgment on all Plaintiff's claims.

## II.   STATEMENT OF MATERIAL FACTS[1]

### A.   <u>Nature of the Business at the NRC.</u>

1.    Advancia Technologies, LLC ("Advancia" or "Defendant") is an Oklahoma limited liability company. (Am. Complaint (Doc.18) at ¶7; admitted in Advancia's Answer (Doc.22) at ¶7).

2.    Advancia's sole member is the Potawatomi Business Development Corporation ("PBDC"). (Am. Complaint (Doc18) at ¶8; admitted in Advancia's Answer (Doc.22) at ¶8).

3.    PBDC is a corporation organized under the Constitution of the Forest County Potawatomi Community (the "Tribe"). (Am. Complaint (Doc.18) at ¶9; admitted in Advancia's Answer (Doc.22) at ¶9).

4.    Ahtna Engineering Services, LLC ("Ahtna") is an Alaska-based business that performs contracts with the Social Security Administration ("SSA") National Records Center ("NRC") in Independence, Missouri. (Ex. 1, Scott Dep. at 9:3-19).

---

[1] Defendant admits these facts for purposes of summary judgment only and reserves the right to dispute or challenge these facts at trial. Defendant has asserted the statement of uncontroverted facts consistent with the legal requirement that facts on summary judgment must be viewed in the light most favorable to Plaintiff.

5.      The business conducted at the NRC is maintaining paper records and files on behalf of SSA. (Am. Complaint (Doc.18) at ¶ 20; admitted on behalf of Advancia at Answer (Doc. 22) at ¶ 20).

6.      The SSA solicits bids from contractors for maintaining its paper records and files at the NRC and awards contracts to the successful bidder for a typical five (5) year contract term. (Ex. 2, Martinez Dep. at 15:21-16:3).

7.      Ahtna held the SSA NRC contract individually until it expired in 2017. (Ex. 6, Marshall Dep. at 16:3-17:6; Ex. 2, Martinez Dep. at 18:13-19:6).

8.      In 2017, Advancia and Ahtna formed a joint venture called Advancia Ahtna JV, LLC ("AAJV") for the purpose of pursuing federal contracting. (Ex. 3, Advancia 30(b)(6) Dep. at 7:14-19).

9.      Advancia's participation in AAJV is for the exclusive benefit of the Tribe. (*Id.*).

10.     AAJV was awarded the SSA NRC contract in late 2017 and held the contract through 2023. (Ex. 6, Marshall Dep. at 14:6-10; Ex. 3, Advancia 30(b)(6) Dep. 23:2-7).

11.     Prior to the 2017 SSA contract, Advancia was not involved in the work at the NRC. (Ex. 6, Marshall Dep. at 22:13-24; Ex. 8, Advancia Answer to Plaintiff's Interrogatory No. 6).

12.     AAJV is an unpopulated joint venture with no employees. (Ex. 4, Parker Dep. at 159:11-15).

13. The AAJV joint venture agreement provides that Ahtna was responsible for 60% of the labor load and Advancia was responsible for 40 % of the labor load. (Ex. 3, Advancia 30(b)(6) Dep. at 21:5-9).

14. Each joint venture partner has its own employees with separate employee rules, policies and procedures and management of its employee's discipline and payroll. (Ex. 9, Ahtna 30(b)(6) Dep. at 7:25-8:16).

15. Advancia has an employee handbook that applies only to its employees working at the NRC. (Ex. 3, Advancia 30(b)(6) Dep.at 13:25-15:4).

16. AAJV's contract with the SSA was scheduled to expire on January 28, 2023. (Ex. 6, Marshall Dep. at 83:14-22)

17. A new joint venture called Ahtna Advancia Joint Venture LLC ("Second Joint Venture") was formed by Advancia and non-party Ahtna Infrastructure and Technologies, LLC that holds the NRC contract today. (Ex. 4, Parker Dep. at 20:9-21).

18. The bidding process for the new 2023 SSA contract began in 2022. (Ex. 6, Marshall Dep. at 59: 7-15).

19. After extensions and a bridge contract from the SSA for the AAJV contract, Defendants learned in March 2023 that the SSA awarded the new NRC contract to the Second Joint Venture. (Ex. 6, Marshall Dep. at 57:17-24).

**B.** **2023 Reduction in Force.**

20. The solicitation for the 2023 contract by the SSA called for fewer employees. This was because of a reduction in the workload at the NRC. (Ex. 9, Ahtna 30(b)(6) Dep. at 10:5-14).

21.    In 2023, two Assistant Supervisors were not retained because of the decreased workload. (Ex. 8, Advancia Answer to Scott Interrogatory No. 6; Marshall Dep. at 25:17-20).

22.    Plaintiff was aware that fewer records in paper form were maintained over past years as more records being kept in digital or electronic form. (Ex. 1, Scott Dep. at 100:3-10).

23.    Plaintiff understood that because more records were being maintained in digital or electronic form, there was less work and less people were needed to perform the work. (*Id*. at 100:11-18).

24.    Plaintiff knew that in 2023, there would be fewer positions available because there were fewer physical records to handle. (*Id*. at 101:18-23).

25.    For the 2023 contract, two Assistant Supervisors were not retained. (Ex. 6, Marshall Dep. at 25:17-20).

26.    Because the bid to the SSA for the 2023 contract required reductions in force, Advancia and Ahtna wanted to retain the most qualified candidates if awarded the contract. (Ex. 6, Marshall Dep. at 45:22-46:1).

27.    In the summer 2022, employees were advised that AAJV's contract was ending, and they needed to reapply for new positions for the potential new contract by the end of December 2022. (Ex. 6, Marshall Dep.at 54:8-13; 60:9-12).

28.    Open positions were posted internally and externally, and employees could apply for any position. (Ex. 6, Marshall Dep. at 59:7-60:4; Ex. 5, Von Halle Dep. at 55:2-19).

29.     A team of four (4) managers (referred to hereafter as the "Team") was formed for selecting the employees for termination in the reduction of force. (Ex. 4, Parker Dep. at 23:5-16).

30.     The Team consisted of Joe Martinez, Rob Buzan, Kjersti Parker and Jade Von Halle. (Ex. 5, Von Halle Dep. at 17:21-18:13).

31.     Joe Martinez is the Manager of the NRC and was employed by Ahtna during the selection process. (Ex. 2, Martinez Dep. at 10:25-11:3; Ex. 5, Von Halle Dep. at 18:18-21)

32.     Rob Buzan is the Alternate Site Manager at the NRC and was employed by Advancia during the selection process. (Ex. 7, Buzan Dep. at 9:23-10:4).

33.     Kjersti Parker is Advancia's Director of Professional Services. (Ex. 4, Parker Dep. at 11:14-24).

34.     Jade Von Halle was Ahtna's Assistant Operations Manager in 2023. (Ex. 5, Von Halle Dep. at 12:4-13).

35.     The Team developed a selection criteria consisting of a combined average of interview scores from the four Team members, an average of evaluation/appraisal scores and consideration of discipline and attendance records. (Ex. 4, Parker Dep. at 24:6-25; Ex. 7, Buzan Dep. at 21:3-7).

36.     The Team considered a combined average of interview scores from the 4 Team members, a combined average of evaluations/appraisals for the years 2018, 2019, 2020, 2021 and 2022, and performance and attendance issues between September 29, 2017 and December 2022. (Ex. 8, Advancia Answer to Scott Interrogatory No. 7).

37.     The Team developed interview questions, an interview guide and a rating scale. (Ex. 4, Parker Dep. at 51:16-25).

38.     Interviews were conducted the week of January 9, 2023. (Ex. 6, Marshall Dep. at 87:5-15).

39.     All candidates were asked the same questions. (*See* Dep. Ex. 81, filed under seal with the Court per (Doc. 64)).

40.     The Team members rated each person's interview and sent their notes and rating scores to Ms. Parker.  (Ex. 5, Von Halle Dep. at 76:22-77:3).

41.     The interview scores given by each member of the Team for a candidate were totaled and divided by four, so the interview score was an average score to make it more objective. (Ex. 5, Von Halle Dep. at 21:8-22:2; Ex. 6, Marshall Dep. at 88:18-89:13).

42.     Interview scores and performance appraisals were averaged to make the selection more objective and fairer. (Ex. 6, Marshall Dep. at 90:2-8).

43.     Following the interviews, Ms. Parker created a master worksheet that included the Assistant Supervisor candidate's average interview score, an average performance appraisal score and discipline and attendance write ups issued to the candidate. (Ex. 6, Marshall Dep. at 88:18-89:13).

44.     The final master worksheet considered by the Team was marked as Deposition Ex. 81. (Dep. Ex. 81 identified in Ex. 4, Parker Dep. at 23:20-25:6; see also Dep. Ex. 81, filed under seal with the Court. (Doc. 64)).

45.     The Team decided on the selection of candidates for retention and termination at a meeting on January 24, 2023. (Ex. 5, Von Halle Dep. at 123:7-10; *See also* Dep. Ex. 81 filed under seal with the Court (Doc. 64).

46.     Two Assistant Supervisors, Plaintiff and Tammy Barr, were selected for termination based upon the selection criteria and six Assistant Supervisors were retained. (Ex. 6, Marshall Dep.at 56:15-22; *see also* Dep. Ex. 81, at the second page of the exhibit, with those terminated highlighted in yellow and those retained highlighted in orange.).

47.     No member of the Team knew any Assistant Supervisor candidate's age. (Ex. 4, Parker Dep. at 71:19-75:13; Ex. 5, Von Halle Dep. at 34:3-37:18; Ex. 2, Martinez Dep. at 145:8-10; Ex. 7, Buzan Dep. at 35:17-36:9).

48.     Each member of the Team was involved in the selection process. (Ex. 5, Von Halle Dep. at 86:5-8).

49.     The age of the candidates was not considered in the selection process. (Ex. 5, Von Halle Dep. at 117:8-12).

50.     Plaintiff was advised of her termination on March 29, 2023. (Ex. 1, Scott Dep. at 12:15-20; 16:10-13).

**C.      Plaintiff's Employment at the NRC.**

51.     Plaintiff's year of birth is 1968. (Ex. 1, Scott Dep. at 8:25-9:1).

52.     Plaintiff was employed initially employed by Ahtna in 2002. (*Id*. at 10:10-24).

53.     Plaintiff was promoted to Assistant Supervisor on May 1, 2011 at the age of 42. (*Id*. at 11:11-15; 12:1-5).

54.     Due to a need to adjust the workloads to comply with the joint venture agreement, Plaintiff transferred to Advancia in 2017 and was rehired by Ahtna in 2018 at the age of 50. (Ex. 1, Scott Dep. at 14:7-14; 15:22-16:3; Ex. 3, Advancia 30(b)(6) Dep. at 31:3-25).

55.     Plaintiff was re-employed by Ahtna on November 1, 2018, at the of age 50 and remained employed by Ahtna through her termination date. (Ex. 1, Scott Dep. at 15:22-16:3).

56.     In August 2022, Plaintiff was advised the existing SSA contract was ending in 2023. (*Id*. at 66:14-20).

57.     Employees were instructed to apply for open positions under the new contract. (*Id*. at 67:18-21).

58.     Plaintiff only applied for an Assistant Supervisor position. (*Id*. at 68:4-8).

59.     Plaintiff does not compare herself to employees holding supervisor or management positions.  (*Id*. at 210:7-18).

60.     Plaintiff was interviewed by the Team on January 10, 2023. (*Id*. at 68:24-69:2).

61.     Plaintiff has no reason to believe her interview was conducted differently from any other candidate's interview.  (*Id*. at 70:2-4; 9-13).

62.     Plaintiff was advised on March 29, 2023 that she was not selected to continue as an Assistant Supervisor with Ahtna under the new contract. (*Id*. at 84:15-19).

63.     Plaintiff has no personal knowledge of the factors considered in deciding to terminate certain employees in the 2017 reduction. (*Id*. at 91:7-17).

64. Plaintiff believes she was selected for termination because of her age (54) and because of a prior 2017 reduction in force conducted by Ahtna that eliminated three of its Assistant Supervisor positions. (*Id*. at 189: 5-10).

65. Advancia was not involved in the prior 2017 reduction. (Ex. 6, Marshall Dep. at 22:22-24).

66. Advancia provided no input into the 2017 selection decisions. (*Id*. at 22:13-15).

67. Advancia did not terminate any Assistant Supervisors in 2017 working at the NRC. (Ex. 8, Advancia Answer to Scott Interrogatory No. 8).

68. Plaintiff has no personal knowledge of Ahtna's reasons for eliminating these other employees' positions in 2017. (Ex. 1, Scott Dep. at 119:20-120:15).

69. Plaintiff retained her job with Ahtna in the 2017 reduction of force at the age of 48 or 49 years old. (*Id*. at 125:10-15).

70. With regard to the 2023 reduction in force, Plaintiff has no knowledge that any other Assistant Supervisor candidate was treated differently from her in the selection process. *(Id*. at 217:13-218:9).

71. No one made negative comments about Plaintiff's age. (*Id.* at 116:17-19).

72. No one treated Plaintiff differently because of her age. (*Id*. at 116:20-22).

73. With regard to the 2023 reduction in force, Plaintiff admits that an Assistant Supervisor selected for retention was older than Plaintiff. (*Id*. at 78:1-2; 21-25).

**D.** **Plaintiff's FMLA Leave Usage**

74. Plaintiff requested and received FMLA leave in 2015. (*Id*. at 50:12-52:10).

15

75.     Plaintiff requested and received FMLA leave in 2016. (*Id*. at 53:7-20).

76.     Plaintiff requested and received FMLA leave in 2019. (*Id*. at 56:7-10).

77.     Plaintiff requested and received FMLA leave in 2021. (*Id*. at 56:18-25).

78.     On August 4, 2022, Plaintiff requested and was granted FMLA leave for September 16, 2022 through December 6, 2022.  (*Id*. at 57:18--59:12).

79.     For each and every one of her FMLA leave requests, no one treated Plaintiff differently for taking leave. (*Id*. at 49:14-16; 52:21-23; 54:4-6; 57:9-11 and 59:20-22).

80.     No one said anything negative to Plaintiff about her FMLA usage. (*Id*. at 92:2-4).

81.     Ahtna paid Plaintiff's wages and withheld taxes from 2018 through March 29, 2023.  (*Id.* at 131:16-22).

82.     Ahtna administered Plaintiff's health insurance from November 1, 2018 through March 29, 2023. (*Id*. at 131:23-132:1).

83.     From November 1, 2018 through March 29, 2023, Plaintiff solely requested FMLA leave from Ahtna, her employer. (*Id*. at 132:6-10).

84.     Plaintiff received all the FMLA leave she requested.  (*Id.* at 52:24-53:1).

85.     During her entire work tenure, Plaintiff has never accused any co-worker or employer of any type of wrongful conduct, except for this lawsuit. (*Id*. at 154:14-18).

## III.    ARGUMENT

### A.    <u>Summary Judgment Standard</u>

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and

admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." In deciding a motion for summary judgment, a court must read all facts in the light most favorable to the non-moving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242,255 (1986).

In order to defeat a motion for summary judgment, however, the non-moving party must "make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial." *Celotex Corp. v Catrett*, 477 U.S. 317, 322 (1986). The non-movant, however, must go beyond the pleadings and come forward with *specific facts* showing a genuine issue for trial. *See Matsushita Electric Industrial Co. Ltd. v Zenith Radio Corp*., 475 U.S. 574, 587 (1986) (emphasis added). The mere existence of some alleged factual dispute will not defeat a properly supported motion for summary judgment; rather, the disputed fact must be "outcome determinative" under applicable law. *See Holloway v. Pigman*, 884 F.2d 365, 366 (8th Cir. 1989). There is no issue for trial unless there is sufficient evidence favoring the non-moving party for the trier of fact to return a verdict for that party. *See Anderson*, 477 U.S. at 249.

Summary judgment is an important part of the judicial process that is designed "to secure the just, speedy and inexpensive determination of every action." *See Celotex*, 477 U.S. at 327 (quoting Fed.R.Civ.56). As evidenced below, summary judgment for Advancia on all claims is proper in this case.

**B.**     **Plaintiff's Age Discrimination Claim under the MHRA Fails As a Matter of Law.**

Section 213.055, RSMo provides in pertinent part that it is an unlawful employment practice for any employer to "fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's... age." The Missouri Human Rights Act ("MHRA") defines "age" as an age of 40 or more years, but less than 70 years. Section 213.010(1) RSMo. "The pivotal issue in any claim of unlawful discrimination is whether the employer's conduct challenged by the plaintiff was motivated by an invidious purpose or whether it was based on a legitimate and rational consideration." *Midstate Oil Co., Inc. v. Missouri Comm'n. on Human Rights*, 679 S.W.2d 842, 843 (Mo. banc 1984).

Plaintiff concedes no ageist remarks were ever made to her. (SOF 71). Plaintiff offers no direct evidence of age discrimination. Therefore, the trial court applies the *McDonnell Douglas* burden-shifting analysis in analyzing Plaintiff's claim. *Shiffman v. Kansas City Royals Baseball Club, LLC*, 687 s.W.3d 443, 464 (Mo. Ct. App. 2024).

    **1.**     **Plaintiff cannot establish a prima facia case of age discrimination.**

"In reduction in force terminations, it is not sufficient that an otherwise competent employee proves that he was terminated in order to establish a prima facie case." *West v. Conopco Corp.*, 974 S.W.2d 554, 557 (Mo. Ct. App. 1998). To establish a prima facie case of age discrimination under the MHRA in a reduction of force termination, Plaintiff must establish (1) that she was at least 40 years old at the time of her termination, (2) that she

satisfied the relevant job expectations, (3) that she was laid off despite meeting these expectations, and (4) some additional evidence that age was a factor in her termination. *Id.*; *Walton v. McDonnell Douglas Corp.*, 167 F.3d 423, 426 (8th Cir. 1999). Thus, a plaintiff must make a showing from which a fact finder might reasonably conclude that the employer impermissibly used age as a factor when terminating an employee. *West*, 974 S.W.2d at 558.

Plaintiff claims she was terminated simply because of her age (54) and because Advancia engaged in past age discrimination in a 2017 reduction in force. (SOF 64). With regard to Plaintiff's age, Plaintiff admits no one made any ageist remark to her. (SOF 71). Plaintiff admits she has not been treated differently by anyone because of her age. (SOF 72). Plaintiff admits one candidate older than her was retained in the reduction of force. (SOF 73). Plaintiff offers no evidence the Team considered her age as a factor in selecting her termination. In fact, no Team member knew any applicant's age. (SOF 47). Plaintiff admits that she is unaware that any similarly situated applicant was treated differently in the selection process. (SOF 70).

Plaintiff also claims she was terminated due to her age because Advancia allegedly engaged in past age discrimination involving a 2017 reduction in force. (SOF 64). Plaintiff has no support for this allegation of past discrimination as to Advancia. Even if Plaintiff could show a 2017 reduction in force is relevant, more importantly, the uncontroverted evidence is that Advancia was not involved in the 2017 reduction and provided no input into such reduction. (SOF 65-67). Indeed, in her Amended Complaint (Doc. 18), Plaintiff

alleges that Ahtna committed past acts of age discrimination and makes no such allegation against Advancia. *See* Plaintiff's Am. Complaint (Doc. 18) at ¶¶ 29 and 76.

Plaintiff offers no additional evidence that age was a factor in her termination to meet the fourth element of her prima facie case and Advancia is entitled to summary judgment.

> **2.** **Even if Plaintiff could establish a prima facie case of age discrimination, she cannot demonstrate that Advancia's legitimate and nondiscriminatory reasons for her termination are pretext.**

Even if Plaintiff can establish a prima facie case of age discrimination, which Defendant denies, summary judgment is appropriate as Plaintiff admits the work at the NRC was reduced and fewer employees were necessary. (SOF 22-24). Plaintiff offers no evidence that the need for a reduction in force was pretext for age discrimination. Plaintiff concedes there was a need for fewer employees necessitated by a reduction in work. (SOF 23-24). Plaintiff offers no evidence that the Team failed to fairly interview all candidates or failed in using their best business judgment in the selecting candidates for termination based upon the selection criteria. Plaintiff admits no candidate was treated differently from her in the selection process. (SOF 70).

While reviewing an employer's articulated reasons for discharge, the "inquiry is limited to whether the employer gave an honest explanation of its behavior." *Harvey v. Anheuser-Busch, Inc.,* 38 F.3d 968, 978 (8th Cir. 1994)*.* The discrimination plaintiff cannot survive summary judgment by simply questioning Defendant's business judgment. *Rose-Maston v. NME Hospital,* 133 F.3d 1104,1107-1109 (8th Cir. 2003).

Plaintiff may not agree with the methodology, but absent evidence of intentional discrimination, the Team had the right to make the business decision on who to retain. As noted by the Eighth Circuit, **"**we emphasize that employers are free to make their own business decisions, even inefficient ones, so long as they do not discriminate unlawfully.**"** *Hanebrink v. Brown Shoe Co.,* 110 F.3d 644, 646 (8th Cir. 1997). "Employers are free to make employment decisions based upon mistaken evaluations, personal conflicts between employees, or even unsound business practices. Federal courts do not sit as 'super personnel departments reviewing the wisdom or fairness of the business judgments made by employers, except to the extent that those judgments involve intentional discrimination.'" *Edmund v. MidAmerican Energy Co*., 299 F.3d 679, 685-86 (8th Cir. 2002) (quoting *Cronquist v. City of Minneapolis,* 237 F.3d 920, 928 (8th Cir. 2001).

Plaintiff cannot demonstrate pretext because she cannot demonstrate that Advancia's reasons for her termination are false AND that the real reason for her termination is age-based discrimination. Plaintiff is not entitled to a jury trial merely because she was in a protected age group and discharged during a reduction in force. *Ward v. International Paper Co.,* 509 F.3d 457, 461 (8th Cir. 2007). Accordingly, summary judgment should be granted in favor of Advancia on Plaintiff's age discrimination claim.

C.     **As a Matter of Law, Plaintiff Cannot Establish FMLA Retaliation**

Plaintiff claims that she was wrongfully terminated for pursuing her rights under the FMLA. The FMLA entitles eligible employees to take a total of twelve weeks of leave during a twelve-month period due to a serious health condition that makes the employee unable to perform the functions of their job. *Thornberry v. McGehee Desha County Hosp.,*

403 F.3d 972, 977 (8th Cir. 2005). The Act prohibits employers from discharging or otherwise discriminating against any individual for asserting her rights under the FMLA.

Absent direct evidence of retaliation, an FMLA retaliation claim is evaluated under the burden shifting framework in *McDonnell Douglas*. *Sisk v. Picture People, Inc.*, 669 F.3d 896, 899 (8th Cir. 2012). Plaintiff presents no evidence of direct discrimination and therefore must first establish a prima facie case to create a presumption of unlawful retaliation. *Id*.

To establish a *prima facie* case of retaliatory discrimination, Plaintiff must show: 1) she engaged in protected conduct; 2) she suffered a materially adverse employment action; and 3) the materially adverse action was causally linked to the protected conduct. *Id*. at 900. If Plaintiff establishes a prima facie case, the burden shifts to Advancia to articulate a legitimate, nondiscriminatory reason for its actions. *Id.* at 899.

Plaintiff cannot establish the first and third elements of a prima facie case. First, Plaintiff has no evidence she engaged in any protected conduct as to Advancia. Plaintiff offers no evidence she exercised or attempted to exercise any FMLA rights with Advancia. Plaintiff admits she was a W-2 employee of Ahtna in 2022-2023. (SOF 81). Plaintiff admits that from 2018 through March 29, 2023, only Ahtna paid Plaintiff's wages and withheld her taxes. (SOF 81). Plaintiff concedes that Advancia was not her employer at the time of her termination. (SOF 55). From November 1, 2018 to March 29, 2023, Ahtna solely administered Plaintiff's health insurance. (SOF 82). Plaintiff only requested FMLA leave between 2018 and March 29, 2023 from Ahtna. (SOF 83). Plaintiff therefore is unable to establish she engaged in any FMLA protected conduct as to Advancia.

In addition, Plaintiff cannot establish any causal connection between her FMLA usage and her termination. Plaintiff had utilized FMLA leave on several prior occasions with no adverse consequences. (SOF 78). No one treated Plaintiff differently because of her FMLA requests or usage. (SOF 79). No one spoke negatively to Plaintiff because of her FMLA usage. (SOF 80). Plaintiff received all the FMLA benefits she requested. (SOF 84). Over the many years she utilized FMLA benefits, Plaintiff never had an issue with such use. (SOF 84).

Finally, the timing between Plaintiff's final FMLA leave request and her termination does not support her claim. Plaintiff cannot establish a causal connection utilizing temporal proximity. Plaintiff requested her FMLA leave on August 4, 2022 and the Team made the decision to terminate her on January 24, 2023. (SOF 84). The relevant date for temporal proximity is the date an employer knew of an employee's planned use of FMLA, not the date it ended. *Smith v. Allen Health Sys., Inc*., 302 F.3d 827, 833 (8th Cir. 2002). The temporal proximity must be very close for it to create an inference of retaliation. *Sisk*, 669 F.3d at 900. The four months between Ahtna learning of Plaintiff's request for FMLA leave and her termination is too long, without more, to support a causal link. *Id*. Plaintiff has failed to establish a causal connection sufficient for a prima facie case.

The undisputed facts in the record demonstrate that Plaintiff cannot satisfy the essential elements of a prima facie claim of FMLA retaliation. Even if she had established a prima facie case, which Advancia denies, Plaintiff fails to identify any evidence to create a genuine issue of material fact as to whether the need for a reduction in force or the Team's

decision in selecting her for termination is a pretext for unlawful FMLA retaliation as set forth above. Summary judgment must be granted in favor of Defendant.

## IV.   CONCLUSION

For the foregoing reasons, Defendant Advancia Technologies, LLC is entitled to summary judgment on all Plaintiff's claims.  Advancia respectfully requests that this Court grant its Motion for Summary Judgment, for its costs incurred, and for all other and further relief as this Court deems just and proper.

Date: May 2, 2025                    Respectfully submitted,

LATHROP GPM LLP


By: */s/ Rebecca S. Yocum*
Rebecca S. Yocum, (MO #31149)
Brian N. Woolley, (MO #32541)
2345 Grand Blvd., Ste. 2200
Kansas City, MO  64108
Tele:  816-292-2000
Fax:   816-292-2001
Email: rebecca.yocum@lathropgpm.com
           brian.woolley@lathropgpm.com
*Attorneys for Defendant Advancia*
*Technologies, LLC*