IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| JEANETTE SCOTT, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>AHTNA ENGINEERING SERVICES, LLC, )<br>d/b/a Advancia + Ahtna Joint Venture, *et al.*, )<br>)<br>Defendants. ) | Case No. 24-cv-00541-SRB |

## ORDER

In this employment discrimination case filed by Plaintiff Jeanette Scott, before the Court are: (1) Defendant Ahtna Engineering Services, LLC's Motion for Summary Judgment, (Doc. #67), and (2) Defendant Advancia Technologies, LLC's Motion for Summary Judgment, (Doc. #65). Each Motion is DENIED.

### I. BACKGROUND

The parties' summary judgment briefing, (Docs. #65, 66, 67, 68, 73, 74, 76, 77, 83, 84), shows this case's background facts are largely undisputed but the facts material to Scott's claims are heavily disputed. As discussed below the Court must view the record in the light most favorable to Scott, and this Order's purpose is to identify genuine issues of material fact and explain why they preclude entry of judgment as a matter of law. The Court thus need not discuss all facts or factual disputes, as it is the jury's role to find the facts and resolve factual disputes, and accordingly the Court's discussion should not be construed as findings of fact.

Upon review, the Court finds the record supports the following.

The Social Security Administration operates its National Records Center in Independence, Missouri. This Center is where this governmental agency keeps its paper records and files. The

Center does so by contracting with companies to perform the necessary work, two of which are Ahtna and Advancia. Ahtna held the contract to do the Center's work until that contract's 2017 expiration. In 2017 Ahtna and Advancia pursued the contract by forming a joint venture under which they shared (in unequal portions) the labor load. The joint venture was awarded the contract in 2017 and held it through 2023. In 2023 the contract was awarded to a different joint venture involving a different Ahtna entity (an entity which is not a party here) and Advancia.

Over the years the Center's labor needs have decreased as records and files move from being stored in paper to being stored digitally or electronically. That decrease has caused reductions-in-force to the National Records Center's workers. In 2017 there was a reduction-in-force, and the record shows there are genuine issues about whether that reduction resulted in the discharge of the oldest workers.

Scott was born in 1968 and worked at the National Records Center for a number of years, initially working for Ahtna, then being transferred to Advancia in 2017, and later being rehired by Ahtna in 2018 when she was 50 years old. As of 2011 Scott worked in the role of Assistant Supervisor.

Scott worked on the 2017 contract awarded to Ahtna's and Advancia's joint venture. During summer 2022, Scott was advised that the 2017 contract was ending in 2023, Scott and others were aware that the next contract would involve fewer roles and thus some positions would be eliminated, and they were instructed to apply for open positions under the next prospective contract. Scott applied for the same role she currently held—Assistant Supervisor. Then, in August 2022, Scott requested and was granted Family Medical Leave Act ("FMLA") for a period between September and December 2022.

2

Scott returned from FMLA leave and interviewed for a role under the next contract in January 2023. Much about the employee evaluation, interview process, and criteria used for them is disputed, but the next contract involved two fewer Assistant Supervisor roles, Scott was not selected for one of those roles, and she was discharged from her employment. The decision to discharge Scott was made in January 2023 and Scott was informed of that decision in March 2023.

Scott filed this case to challenge her discharge. Scott's operative First Amended Complaint asserts two claims, asserting each claim against both Ahtna and Advancia: (1) age discrimination in violation of the Missouri Human Rights Act ("MHRA"), Mo. Ann. Stat. § 213.010, *et seq.*; and (2) retaliation in violation of the FMLA, 29 U.S.C. § 2615, *et seq.* (Doc. #18.) Now pending is Ahtna's and Advancia's separate Motions for Summary Judgment, each of which seeks summary judgment as to each claim. (Docs. #65, 67.)

## II. LEGAL STANDARD

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party has the burden of identifying "the basis for its motion, and must identify those portions of the record which it believes demonstrate the absence of a genuine issue of material fact." *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc) (cleaned up). If the moving party makes this showing, "the nonmovant must respond by submitting evidentiary materials that set out specific facts showing that there is a genuine issue for trial." *Id.* (cleaned up). If there is a genuine dispute as to certain facts, those facts "must be viewed in the light most favorable to the nonmoving party." *Id.* "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." *Id.* (cleaned up).

### III. DISCUSSION

#### A. MHRA age discrimination claim

As relevant here, the MHRA prohibits an employer from discharging any an employee because of the employee's age. Mo. Rev. Stat. § 213.055.1(1)(a). The MHRA defines "age" to include "an age of forty or more years but less than seventy years[.]" Mo. Rev. Stat. § 213.010(1). "To establish an age discrimination claim under the MHRA, an employee must show: (1) that he suffered an adverse employment action; (2) that his age was the motivating factor; and (3) that he suffered damage as a result." *Eivins v. Missouri Dep't of Corr.*, 636 S.W.3d 155, 166 (Mo. App. W.D. 2021).

The parties agree that Scott's age discrimination claim should be analyzed under the familiar *McDonnell Douglas* burden-shifting framework. (Docs. #73 at 27, #74 at 33.) This framework requires a plaintiff to first establish a prima facie case of age discrimination. *Rahlf v. Mo-Tech Corp.*, 642 F.3d 633, 637 (8th Cir. 2011). "To establish a prima facie case of age discrimination in a reduction-in-force, a plaintiff must show that (1) he is over 40 years old, (2) he met the applicable job qualifications, (3) he suffered an adverse employment action, and (4) there is some additional evidence that age was a factor in the employer's termination decision." *Id.*[1]

"Once the plaintiff establishes a prima facie case, the burden of production shifts to the employer

---

[1] After Scott filed her Opposition briefs, (Docs. #73, 74), she filed a notice of supplemental authority based on *Ames v. Ohio Dep't of Youth Servs.*, 145 S. Ct. 1540 (2025). (*See* Doc. #77.) *Ames* concerned a heterosexual female who asserted a reverse-discrimination-in-employment claim based on sexual-orientation discrimination. The Supreme Court held that, for a majority-group plaintiff to make a prima facie case of discrimination, the plaintiff need not meet a heightened evidentiary standard of showing "background circumstances to support the suspicion that the defendant is that unusual employer who discriminates against the majority." *Id.* at 1543. Scott contends this holding severely undermines the Eighth Circuit's requirement that, in a reduction-in-force case, there is some additional evidence that age was a factor in the employer's termination decision. The Court need not resolve that issue, as the Court finds Scott has presented sufficient evidence of her age discrimination claim under existing Eighth Circuit law.

4

to articulate a legitimate, nondiscriminatory reason for its adverse employment action." *Id.* "If the employer does so, the plaintiff must show that the employer's proffered reason was pretext for discrimination." *Id.*

Both Ahtna and Advancia argue they are entitled to summary judgment because Scott cannot present any evidence that age was a factor in her employment decisions and thus her claim fails at both the prima facie and pretext stages. (Docs. #68 at 13-17; #66 at 18-21.) The Court disagrees. Reviewing the record in the light most favorable to Scott, the Court finds evidence from which a jury conclude, for example, that there is a pattern of older employees being discharged in reductions-in-force at the National Records Center location and that employee-review criteria were handled to the detriment of such employees. Such evidence supports the prima facie case and pretext aspects of an age discrimination claim. *E.g.*, *Cox v. Kansas City Chiefs Football Club, Inc.*, 473 S.W.3d 107, 116-17 (Mo. 2015). The Court discerns nothing in the record before it which indicates that Scott's evidence definitively and conclusively "cannot be presented in a form that would be admissible in evidence." Fed. R. Civ. P. 56(c)(2). The Court thus concludes the record contains genuine issues of material fact such that summary judgment must be denied.

### B. FMLA retaliation claim

As relevant here, "[t]he FMLA entitles eligible employees to take a total of twelve weeks of leave during a twelve-month period due to 'a serious health condition that makes the employee unable to perform the functions of the position of such employee.'" *Throneberry v. McGehee Desha Cnty. Hosp.*, 403 F.3d 972, 977 (8th Cir. 2005) (quoting 29 U.S.C. § 2612(a)(1)(D)). "The FMLA also makes it 'unlawful for any employer to discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by' the FMLA." *Id.* (quoting 29 U.S.C. § 2615(a)(2)). "In [an FMLA] retaliation claim, the employee alleges that the employer

5

discriminated against her for exercising her FMLA rights." *Sisk v. Picture People, Inc.*, 669 F.3d 896, 899 (8th Cir. 2012) (cleaned up). "To establish a prima face case of FMLA retaliation, [the plaintiff] must show that: 1) she engaged in protected conduct; 2) she suffered a materially adverse employment action; and 3) the materially adverse action was causally linked to the protected conduct." *Id.* at 900.

Ahtna and Advancia both argue they are entitled to summary judgment because Scott cannot present any evidence of a causal connection between her use of FMLA leave and discharge. (Doc. #68 at 17-18, #66 at 21-24.) Again, the Court disagrees. Reviewing the record in the light most favorable to Scott, the Court finds evidence from which a jury conclude, for example, that employment decisions were made in part based on attendance as an improper stand-in for FMLA leave. Advancia also argues there is no evidence Scott exercised FMLA leave as to it (rather than as to Ahtna), in that it did not employ her. (Doc. #66 at 22.) Scott responds by arguing that, for purposes of the FMLA, Advancia was a "joint employer" or "integrated employer" with Ahtna. (Doc. #74 at 44-47.) Advancia does not respond to this argument, (Doc. #83), and the Court concludes the record contains sufficient evidence for Scott's FMLA retaliation claim to proceed. The Court thus finds the record contains genuine issues of material fact such that summary judgment must be denied.

## IV. CONCLUSION

The Court finds the record contains genuine issues of material fact as to Scott's MHRA age discrimination claim and FMLA retaliation claim asserted against each defendant. Accordingly, both Ahtna's Motion for Summary Judgment, (Doc. #67), and Advancia's Motion for Summary Judgment, (Doc. #65), are DENIED.

**IT IS SO ORDERED.**

/s/ Stephen R. Bough
STEPHEN R. BOUGH
UNITED STATES DISTRICT JUDGE

Dated: July 16, 2025