IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| JEANETTE SCOTT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 24-00541-CV-W-SRB |
| | ) |
| AHTNA ENGINEERING SERVICES, LLC, | ) |
| et al., | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFF'S TRIAL BRIEF REGARDING JOINT EMPLOYMENT**

Plaintiff Jeanette Scott hereby submits the following brief concerning joint employment theories that are being presented at trial.

Plaintiff claims Defendant Advancia Technologies, LLC jointly employed her – along with its soon-to-be-dismissed co-defendant, Ahtna Engineering Services, LLC – and that Defendant Advancia subjected Plaintiff to unlawful discrimination and retaliation in its capacity as her joint employer. The issue of joint employment is not directly addressed by a specific instruction in either the Eighth Circuit's model jury instructions or the Missouri Approved Instructions. Plaintiff therefore presents this trial brief to demonstrate how such issues should be presented to the jury for factual findings and ultimately decided by the Court.

**1. Joint Employment Theories Under Family Medical Leave Act**

Generally, "[t]he determination of an employer-employee relationship involves a mixed question of law and fact." *Sargent v. C.I.R.*, 929 F.2d 1252, 1254 (8th Cir. 1991) (analyzing employee/employer relationship under Internal Revenue Code); *see also Ernster v. Luxco, Inc.*, 596 F.3d 1000, 1004-05 (8th Cir. 2010) (employee or independent contractor analysis under ADEA).

1

As an initial matter, the Family Medical Leave Act ("FMLA") defines "employ" exactly as the Fair Labor Standards Act does: "'Employ' includes to suffer or permit to work." 29 U.S.C. § 203(g), as incorporated by 29 U.S.C. § 2611(3) ("The terms 'employ'… ha[s] the same meaning[] given such term[] in subsection[] … (g) of section 203 of this title."). "Employer" is defined by the FMLA as, "any person engaged in commerce or in any industry or activity affecting commerce who employs 50 or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year." 29 U.S.C. § 2611(4). And the definition goes on to specifically include "any person who acts, directly or indirectly, in the interest of an employer to any of the employees of such employer" and "any successor in interest of an employer." 29 U.S.C. § 2611(4)(I)-(II). The term "person" within this statutory definition, has the same meaning as given in the FLSA: "an individual, partnership, association, corporation, business trust, legal representative, or any organized group of persons." 28 U.S.C. §203(a), as incorporated by 29 U.S.C. § 2611(8).

Recognizing more than one entity may satisfy the above definition for a given employee, the FMLA's regulations contemplate two theories by which multiple entities may be found to employ the same employee—integrated enterprise and joint employment. 29 C.F.R. §§ 825.104(c)(2), 825.106(a). Regarding the latter – joint employment – the FMLA's regulations define a joint employment relationship as follows:

> (a) Where two or more businesses exercise some control over the work or working conditions of the employee, the businesses may be joint employers under FMLA. Joint employers may be separate and distinct entities with separate owners, managers, and facilities. Where the employee performs work which simultaneously benefits two or more employers, or works for two or more employers at different times during the workweek, a joint employment relationship generally will be considered to exist in situations such as:
>
> (1) Where there is an arrangement between employers to share an

2

> employee's services or to interchange employees;
>
> (2) Where one employer acts directly or indirectly in the interest of the other employer in relation to the employee; or,
>
> (3) Where the employers are not completely disassociated with respect to the employee's employment and may be deemed to share control of the employee, directly or indirectly, because one employer controls, is controlled by, or is under common control with the other employer.

29 C.F.R. § 825.106(a). Joint employment is not to be determined by "any single criterion, but rather the entire relationship is to be viewed in its totality." *Id*. The regulation further clarifies that any/all joint employers are prohibited from retaliating against an employee for use of FMLA leave provided by any other employer. *Id*. at § 825.106(e).

> The integrated enterprise test is also defined by regulation:
>
> (2) Separate entities will be deemed to be parts of a single employer for purposes of FMLA if they meet the integrated employer test. Where this test is met, the employees of all entities making up the integrated employer will be counted in determining employer coverage and employee eligibility. A determination of whether or not separate entities are an integrated employer is not determined by the application of any single criterion, but rather the entire relationship is to be reviewed in its totality. Factors considered in determining whether two or more entities are an integrated employer include:
>
>> (i) Common management;
>>
>> (ii) Interrelation between operations;
>>
>> (iii) Centralized control of labor relations; and
>>
>> (iv) Degree of common ownership/financial control.

*Id*. at § 825.104(c)(2). "While none of these factors, separately viewed, have been held controlling, stress has normally been laid upon the first three factors which reveal functional integration with particular reference to whether there is centralized control of labor relations." *Pulitzer Pub. Co. v. NLRB*, 618 F.2d 1275, 1279 (8th Cir. 1980).

Turning to the Eighth Circuit's pattern instructions, the FMLA instructions do not reference how joint employment is to be determined or handled. However, the Fair Labor Standards Act instructions do contemplate such a determination under the same standards, and instruct that questions of relevant facts should be posed to the jury, and that district courts should use those the jury's determined facts to make the legal conclusion as to whether a defendant "employed" the plaintiff. Eighth Circuit Model Jury Instruction (Civil) 16.06. In other words, in the context of FLSA employment relationship disputes, the Eighth Circuit has made clear that the jury is to find the necessary facts, from which the Court applies the law:

> While the precise nature of the working relationship—as examined by means of the factors—involves questions of fact, the ultimate question of whether or not an individual is an "employee" within the meaning of the FLSA is a legal determination rather than a factual one. In practice, disputed factual issues that may affect this legal determination can be submitted to the jury as special jury questions.

*Walsh v. Alpha & Omega USA, Inc.,* 39 F.4th 1078, 1082 (8th Cir. 2022) (cleaned up); *see also Karlson v. Action Process Serv. & Private Investigations, LLC*, 860 F.3d 1089, 1094 (8th Cir. 2017 ("But the ultimate question of whether the plaintiff was an employee for FLSA purposes remains an issue of law, and if the court submits that question to the jury, it may not ignore its duty to review that aspect of the jury's verdict *de novo*.")

Plaintiff has crafted jury instructions based upon Eighth Circuit Model Jury Instruction (Civil) No. 16.06. The instructions ask the jury to answer the questions which are modelled after the factors for both a single enterprise finding or a joint employer findings. These findings follow the instruction of the Eighth Circuit to, when possible, present the questions in definitive manner ready than an open-ended question (e.g., "yes or no"). This will allow the Court to take the facts found by the jury and make the legal determination based on all the factors—as the Eighth Circuit has repeatedly instructed.

4

## 2. Joint Employment Theories Under the Missouri Human Rights Act

Unfortunately, Missouri law is sparse on what is required to find joint employment under the Missouri Human Rights Act. *See Osborne v. Nixa Fire Prot. Dist.*, No. 20-3041-SRB, 2020 WL 3317610, at *2-3 (W.D.Mo. June 18, 2020). However, as a matter of statutory interpretation, the Missouri Supreme Court has offered some compelling general guidance: "The primary rule of statutory interpretation is to give effect to legislative intent as reflected in the plain language of the statute." *Smith v. St. Louis. Cty. Police*, 659 S.W.3d 895, 898 (Mo. 2023).

The Missouri Human Rights Act defines an employer as:

> (8) **"Employer"**, a person engaged in an industry affecting commerce who has six or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and shall include the state, or any political or civil subdivision thereof, or any person employing six or more persons within the state but does not include corporations and associations owned or operated by religious or sectarian organizations…

R.S.Mo § 213.010(8). "Person" is also defined for purposes of the Act:

> (15) **"Person"** includes one or more individuals, corporations, partnerships, associations, organizations, labor organizations, legal representatives, mutual companies, joint stock companies, trusts, trustees, trustees in bankruptcy, receivers, fiduciaries, or other organized groups of persons.

R.S.Mo. § 213.010(15).

Thus, the plain language of these statutes suggests that "one or more….associations, organizations…[or] mutual companies" may constitute an "employer" that can be sued under the Act, without any further proof of "employment." This is bolstered by the fact that the Missouri Approved Jury Instructions related to the MHRA require a finding of "employment," while other instructions do not. *See, e.g.*, M.A.I. 38.05 [2018 New] Verdict Directing – Retaliatory Discharge or Discrimination – Workers' Compensation) ("First, plaintiff was employed by defendant").

5

The Missouri Supreme Court, in the context of the Missouri Minimum Wage Law, has approved of utilizing the FLSA regulations in determining which entities are "employers" of an employee. *Tolentino v. Starwood Hotels & Resorts Worldwide Inc.*, 437 S.W.3d 754, 758 (Mo. 2014). With this, the same analysis and procedure should be used in determining whether an employment relationship exists for Plaintiff's MHRA claim as will be utilized for her FMLA claim, tracking the factors of the FLSA regulations, which the Missouri Supreme Court relied upon finding joint employment.

## Conclusion

As set forth above, Plaintiff submits the Court should utilize the same procedure contemplated under the Eighth Circuit's pattern instructions for cases arising under the FLSA to determine whether Defendant Advancia was Plaintiff's joint employer. This would require the jury to determine the relevant facts from which the Court would apply the law.

Date: September 29, 2025

Respectfully submitted,

 /s/ Robert A. Bruce
Daniel L. Doyle, MO Bar No. 37305
John F. Doyle, MO Bar No. 66626
Robert A. Bruce, MO Bar No. 69985
Brittany K. Ussery, MO Bar No. 76098
DOYLE & BRUCE LLC
748 Ann Avenue
Kansas City, Kansas  66101
Telephone:  (913) 543-8558
Facsimile:  (913) 543-3888
Dan@KCLaw.com
John@KCLaw.com
Robert@KCLaw.com
Brittany@KCLaw.com
**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

  I hereby certify that a true and correct copy of the foregoing was served via the Court's electronic filing system to all counsel of record.

*/s/ Robert A. Bruce*
Attorney for Plaintiff
