# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI
### WESTERN DIVISION

| | | |
|---|---|---|
| **JEANETTE SCOTT,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | |
| | ) | |
| **AHTNA ENGINEERING SERVICES,** | ) | |
| **LLC, d/b/a ADVANCIA + AHTNA** | ) | **CASE #4:24-cv-00541-SRB** |
| **JOINT VENTURE,** | ) | |
| **And** | ) | |
| **ADVANCIA TECHNOLOGIES, LLC,** | ) | |
| **d/b/a ADVANCIA + AHTNA JOINT** | ) | |
| **VENTURE** | ) | |
| | ) | |
| **Defendants.** | ) | |

## DEFENDANT ADVANCIA TECHNOLOGIES, LLC'S MOTION FOR JUDGMENT AS A MATTER OF LAW

# Table of Contents

**STANDARD** ................................................................................................................ 4

**ARGUMENT** ............................................................................................................... 5

**I.** **Plaintiff failed to produce sufficient evidence of her MHRA age discrimination claim against Advancia.** ............................................................... 5

    **A.** **Plaintiff failed to produce sufficient evidence of a prima facie case of age discrimination.** ................................................................... 6

    **B.** **Even if Plaintiff could failed to produce sufficient evidence of a prima facie case of age discrimination, she cannot demonstrate that Advancia's legitimate and nondiscriminatory reasons for her termination are pretext.** ........................ 7

    **C.** **Plaintiff failed to produce sufficient evidence that Advancia is her MHRA "employer."** .................................................................................. 8

**II.** **Plaintiff failed to produce sufficient evidence to establish FMLA discrimination against Advancia.** ............................................................ 10

    **A.** **Plaintiff failed to produce sufficient evidence of a prima facie case of FMLA discrimination.** ........................................................ 11

        **1.** **Element 1: Plaintiff failed to produce sufficient evidence that Advancia is her "employer" under the FMLA, so she cannot demonstrate she engaged in protected conduct with Advancia.** ........ 11

            **a.** **Under the "integrated employer" test, Advancia is not Plaintiff's employer.** ................................................................... 12

            **b.** **Under the "joint employer" test, Advancia is not Plaintiff's employer.** ................................................................... 13

            **c.** **Plaintiff failed to produce sufficient evidence of an FMLA "integrated employer" or "joint employer" relationship between Ahtna and Advancia.** ................................................... 14

        **2.** **Element 3: Plaintiff failed to produce sufficient evidence of causal connection between using FMLA and her termination.** .................... 14

**III.** **Plaintiff failed to produce sufficient evidence for punitive damages (MHRA), and liquidated damages (FMLA).** ................................................................... 15

**A.** **Plaintiff failed to produce sufficient evidence that Advancia is her employer, so Plaintiff failed to produce sufficient evidence for punitive damages (or any damages, for that matter).**.............................................................. 15

**B.** **Plaintiff failed to produce sufficient evidence that Advancia is her employer, so she may not recover liquidated damages.**....................................................... 16

**CONCLUSION** ........................................................................................................... 17

Defendant Advancia Technologies, LLC ("Defendant" or "Advancia") submits its Fed. R. Civ. P. 50(a) motion for judgment as a matter of law at the close of Plaintiff's case-in-chief because Plaintiff failed to present sufficient evidence upon which a reasonable jury could find in her favor on her Missouri Human Rights Act ("MHRA") and Family Medical Leave Act ("FMLA") claims. Additionally, Plaintiff has failed to demonstrate sufficient evidence upon which a reasonably jury could find that she is entitled to punitive damages. Last, Advancia, renews and incorporates its motion for summary judgment, trial brief, and all pretrial motions previously filed on the issues, as if fully set forth herein. Plaintiff's only claim presented is for wrongful discharge (for age and FMLA use). Plaintiff has not pled a failure to hire claim; at the close of her case-in-chief, Plaintiff cannot now amend to bring a failure to hire claim. Plaintiff's evidence is insufficient to demonstrate that Advancia discharged her—let alone that Advancia terminated her based on age or FMLA use as a motivating factor—so judgment as a matter of law is appropriate on each of her claims. No decisionmaker knew her age or FMLA usage, so Plaintiff's evidence fails to demonstrate Advancia engaged in intentional discrimination.

## **STANDARD**

A motion for judgment as a matter of law (JMOL), allows the court to remove cases or issues from the jury's consideration when the facts make it sufficiently clear that the law requires a particular result. *Weisgram v. Marley Co.*, 528 U.S. 440, 447–48 (2000); see Fed. R. Civ. P. 50(a). Judgment as a matter of law is appropriate when there is a complete absence of pleading or proof on an issue material to the claim or defense. *Baker v. Delo*, 38 F.3d 1024, 1027 (8th Cir.1994). A mere scintilla of evidence is not sufficient to present a question for the jury. *Gardner v. Buerger*, 82 F.3d 248, 254 (8th Cir.1996). The court should grant a motion for

judgment as a matter of law when there is no "legally sufficient evidentiary basis" for a reasonable jury to find for the party on an issue on which that party has been fully heard. Fed. R. Civ. P. 50(a)(1); *Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 133, 149 (2000).

<u>**ARGUMENT**</u>

**I.**      <u>**Plaintiff failed to produce sufficient evidence of her MHRA age discrimination claim against Advancia.**</u>

Section 213.055, RSMo provides in pertinent part that it is an unlawful employment practice for any employer to "fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's... age." The Missouri Human Rights Act ("MHRA") defines "age" as an age of 40 or more years, but less than 70 years. Section 213.010(1) RSMo. "The pivotal issue in any claim of unlawful discrimination is whether the employer's conduct challenged by the plaintiff was motivated by an invidious purpose or whether it was based on a legitimate and rational consideration." *Midstate Oil Co., Inc. v. Missouri Comm'n. on Human Rights*, 679 S.W.2d 842, 843 (Mo. banc 1984). Plaintiff's evidence confirmed that the NRC contract in 2023 required less workers, and that Advancia exercised their sound business judgment in reducing the work force. Plaintiff failed to adduce even a scintilla of evidence that the Team of individuals who made the decision were ever aware of her—or any candidate's—age. Plaintiff admitted she never experienced any retaliation because of her age. Plaintiff testified the only time she was retaliated against was after she was terminated by *Ahtna*.

Because Plaintiff's claim is for disparate treatment, her failure to produce evidence that she was treated differently than anyone outside her protected class makes judgment as a matter of law appropriate. *Cox v. Kansas City Chiefs Football Club, Inc.*, 473 S.W.3d 107, 119–20 (Mo.

2015) ("[A] disparate treatment plaintiff must show that he or she was treated differently from similarly situated members of the unprotected class") (internal quotation omitted).

### A. Plaintiff failed to produce sufficient evidence of a prima facie case of age discrimination.

"In reduction in force terminations, it is not sufficient that an otherwise competent employee proves that he was terminated in order to establish a prima facie case." *West v. Conopco Corp.*, 974 S.W.2d 554, 557 (Mo. Ct. App. 1998). To establish a prima facie case of age discrimination under the MHRA in a reduction of force termination, Plaintiff must establish (1) that she was at least 40 years old at the time of her termination, (2) that she satisfied the relevant job expectations, (3) that she was laid off despite meeting these expectations, and (4) some additional evidence that age was a factor in her termination. *Id.*; *Walton v. McDonnell Douglas Corp.*, 167 F.3d 423, 426 (8th Cir. 1999). Thus, a plaintiff must make a showing from which a fact finder might reasonably conclude that the employer impermissibly used age as a factor when terminating an employee. *West*, 974 S.W.2d at 558.

Plaintiff provided no evidence that Advancia discharged her. Plaintiff did not plead a claim that Advancia failed to hire her. Plaintiff solely claims Advancia discharged her. The only evidence Plaintiff adduced is that she applied for an open assistant supervisor position. Plaintiff submitted evidence Advancia did not hire her, but that is not the claim Plaintiff brought. Thus, judgment as a matter law is appropriate as to Plaintiff's *discharge claim.*

Additionally, Plaintiff has provided no evidence that any decisionmaker was aware of— let alone motivated—by Plaintiff's age. Plaintiff failed to adduce sufficient evidence to establish anyone made an ageist remark to her, because she has already admitted that she has not been treated differently by anyone because of her age. Plaintiff admitted one candidate older than her

was retained during the reduction in force—Mary Lamb. Plaintiff herself admits no one *ever* made a negative comment about her age. Plaintiff admits that no one *ever* treated her differently because of her age. There is no evidence age was a consideration in the selection process.

This court and the jury do not sit as super personnel departments to question the criteria or the decision of the decision makers. Merely arguing that plaintiff would come to a different selection of candidates does not equate to intentional age discrimination. "Employers are free to make employment decisions based upon mistaken evaluations, personal conflicts between employees, or even unsound business practices. Federal courts do not sit as 'super personnel departments reviewing the wisdom or fairness of the business judgments made by employers, except to the extent that those judgments involve intentional discrimination.'" *Edmund v. MidAmerican Energy Co.*, 299 F.3d 679, 685-86 (8th Cir. 2002) (quoting *Cronquist v. City of Minneapolis*, 237 F.3d 920, 928 (8th Cir. 2001).

**B. Even if Plaintiff could failed to produce sufficient evidence of a prima facie case of age discrimination, she cannot demonstrate that Advancia's legitimate and nondiscriminatory reasons for her termination are pretext.**

While reviewing an employer's articulated reasons for discharge, the "inquiry is limited to whether the employer gave an honest explanation of its behavior." *Harvey v. Anheuser-Busch, Inc.*, 38 F.3d 968, 978 (8th Cir. 1994). The Eighth Circuit, "emphasize[s] that employers are free to make their own business decisions, even inefficient ones, so long as they do not discriminate unlawfully." *Hanebrink v. Brown Shoe Co.*, 110 F.3d 644, 646 (8th Cir. 1997). It undisputed that the work at the NRC was reduced and fewer employees were needed, based on the new 2023 contract terms. Plaintiff offered no evidence that the need for a reduction in force was pretext for age discrimination. Plaintiff conceded there was a need for fewer employees necessitated by a

reduction in work. Additional witnesses called by Plaintiff (including the Team making the decision) that they had more candidates than roles for employment under the 2023 contract terms.

### C. Plaintiff failed to produce sufficient evidence that Advancia is her MHRA "employer."

The MHRA, and FMLA, both "require, that Plaintiff plead facts which demonstrate an employer-employee relationship in order to state a claim for relief." *Shinneman v. Cerner Corporation,* No. 4:24-cv-00026-RK, 2024 WL 2406276 at \*4 (W.D. Mo. May 23, 2024 (citing *Withers v. Johnson*, No. 4:11-cv-669-DPM, 2013 WL 3338678, at \*1 (E.D. Ark. July 1, 2013) (plaintiff must establish employer-employee relationship to sustain FMLA and ADA claims); see also *Payne v. Serv. Cos., Inc.*, No. 20-786-CV-W-GAF, 2020 WL 12689591, at \*2 (W.D. Mo. Dec. 21, 2020) (applying the same to MHRA claims)).

A plaintiff alleging employment discrimination claims based on the same set of facts against more than one defendant-employer, either the "joint employer" or "single employer" theory of liability may be necessary to determine whether sufficient integration exists between the defendant-employers. *Payne*, 2020 WL 12689591, at \*2. A "single employer" relationship exists "where two nominally separate entities are actually part of a single integrated enterprise so that, for all purposes, there is in fact only a 'single employer.'" *Osborne v. Nixa Fire Prot. Dist.*, No. 20-3041-CV-SRB, 2020 WL 3317610, at \*2 (W.D. Mo. June 18, 2020) (*quoting Walton v. Edge Med. Prof. Servs.*, LLC, 442 F. Supp. 2d 731, 749 (W.D. Mo. 2006)). "By contrast, the 'joint employer' relationship consists of no single integrated enterprise. Rather, the analysis assumes the existence of separate legal entities which have chosen to handle jointly important aspects of their employer-employee relationship." *Id*. (*quoting Walton*, 442 F. Supp. 2d at 749).

8

The Eighth Circuit applies the same factors when analyzing either a single or a joint employer relationship: (1) the degree of interrelation of operations between the entities; (2) the degree of centralized control of labor relations; (3) the degree to which the entities share common management; and (4) the degree of common ownership or financial control. *Pulitzer Pub. Co. v. N.L.R.B.*, 618 F.2d 1275, 1278 (8th Cir. 1980); *see also Payne*, 2020 WL 12689591, at *2 (applying the joint employer test to MHRA claims); *Richardson v. Patkar Hosp., LLC*, No. 4:07CV1722 TCM, 2008 WL 1777446, at *2 (E.D. Mo. Apr. 16, 2008) (applying the joint employer test to FMLA claims).

Under the post 2017 MHRA amendment, Plaintiff's evidence is insufficient because it "uses the joint employer analysis from cases decided before 2017, in which courts sought to determine whether one company acted in the interest of another. *Tolentino v. Starwood Hotels & Resorts Worldwide Inc.*, 437 S.W.3d 754, 757 (Mo. banc 2014); *Diaz v. Autozoners, LLC*, 484 S.W.3d 64, 78 (Mo. App. 2015). The current version of § 213.010, however, contains no mention of a person acting in the interest of the employer. Instead, the statute now requires an employer to directly employ six or more employees in the state. § 213.010(8)." *Williams v. Hutcheson Enterprises, Inc.*, 699 S.W.3d 244, 250 (Mo. App. 2024). *Williams* cites *Osborne* in its analysis and explains "the MHRA no longer contains the 'directly acting in the interest of an employer' language" *Id.* at n. 4 (quoting *Osborne v. Nixa Fire Protection Dist.*, No. 20-3041-CV-SRB, 2020 WL 3317610 (W.D. Mo. June 18, 2020).

The "new, more limited definition of 'employer'" removes the "in the interest an employer" component and requires a more direct connection between the employee and the employer. *Williams*, 699 S.W.3d at 251. (emphasis added). Ultimately, *Williams* suggests, but

does not resolve, that under the 2017 MHRA amendment, "joint employer liability" may not be statutorily available—at all. Id. The 2017 amendment removed the broader "in the interest of an employer" language, and suggests, the new MHRA version requires an employee to prove her claim against his or her actual "employer." The legislative history of the amendment also confirms that intent. It states, "Currently, persons acting in the interest of employers are considered employers under the MHRA and are each liable for discriminatory practices. This act modifies the definition of employer to exclude such individuals." Missouri Ninety-Ninth General Assembly, First Regular Session, *Modifies the law relating to unlawful discrimination*, 2017 Missouri Senate Bill No. 43 at p. 14, (Dated June 1, 2017) (emphasis added). The legislature removed liability for "each" of the "employers," under the new version of the MHRA. *Id*. Here, Plaintiff did not produce evidence against Advancia demonstrating it acted as her employer. (*See* Section II, a, i, 1-3, below). Plaintiff's evidence is insufficient to submit her claim to the jury because she failed to establish Advancia is her employer under either the MHRA. Thus, Advancia moves for judgment as a matter of law in its favor.

## II.    Plaintiff failed to produce sufficient evidence to establish FMLA discrimination against Advancia.

The FMLA entitles eligible employees to take a total of twelve weeks of leave during a twelve-month period due to a serious health condition that makes the employee unable to perform the functions of their job. *Thornberry v. McGehee Desha County Hosp.*, 403 F.3d 972, 977 (8th Cir. 2005). The Act prohibits employers from discharging or otherwise discriminating against any individual for asserting her rights under the FMLA. Absent direct evidence of retaliation, an FMLA retaliation claim is evaluated under the burden shifting framework in *McDonnell Douglas*. *Sisk v. Picture People, Inc.*, 669 F.3d 896, 899 (8th Cir. 2012). Plaintiff presented no evidence

that any decisionmaker considered FMLA leave in coming to their decision. In fact, Plaintiff's evidence confirmed that retained employees had taken FMLA leave during the same time period as Plaintiff. Additionally, Plaintiff presented no direct evidence of retaliation *by Advancia* after *Ahtna* approved her FMLA request. Therefore, Plaintiff must first establish a prima facie case to create a presumption of unlawful retaliation.

### A. Plaintiff failed to produce sufficient evidence of a prima facie case of FMLA discrimination.

To establish a prima facie case of retaliatory discrimination, Plaintiff must show: (1) she engaged in protected conduct; (2) she suffered a materially adverse employment action; and (3) the materially adverse action was causally linked to the protected conduct. *Id*. at 900. If Plaintiff establishes a prima facie case, the burden shifts to Advancia to articulate a legitimate, nondiscriminatory reason for its actions. *Id*. at 899.

### 1. Element 1: Plaintiff failed to produce sufficient evidence that Advancia is her "employer" under the FMLA, so she cannot demonstrate she engaged in protected conduct with Advancia.

Under the FMLA, separate entities may still be an "employer,"[1] as either an "integrated employer," or a "joint employer." 29 C.F.R.§ 825.104(c); 29 C.F.R. §825.106(a). Here, Plaintiff failed to produce sufficient evidence that Advancia is an integrated or joint employer, so her claims must fail. Plaintiff admitted that every single time she sought FMLA leave, Ahtna approved it. Plaintiff admitted Ahtna was her W-2 employer and Ahtna was the company that discharged her. Plaintiff has adduced not even a scintilla of evidence tying Advancia to her FMLA claim.

---

[1] 29 U.S.C. § 2611(4).

### a. Under the "integrated employer" test, Advancia is not Plaintiff's employer.

The FMLA covers separate entities as a single "employer" through the integrated employer test. 29 C.F.R.§ 825.104(c). There are four factors to consider under the "integrated employer" test, including: (i) Common management; (ii) Interrelation between operations; (iii) Centralized control of labor relations; and (iv) Degree of common ownership/financial control. *Id*. at § 825.104(c)(2). This determination is made "when the employee gives notice of the need for leave." 29 C.F.R. § 825.110(f). "While none of these factors, separately viewed, have been held controlling, stress has normally been laid upon the first three factors which reveal functional integration with particular reference to whether there is centralized control of labor relations." *Pulitzer Pub. Co. v. NLRB*, 618 F.2d 1275, 1279 (8th Cir. 1980). As is discussed further in Section 3, below, Plaintiff's trial testimony admitted that *Ahtna* was the only entity to which Plaintiff gave notice of her need for leave each time. This fact alone warrants judgment in Advancia's favor. The "employer" determination is made "when the employee gives notice of the need for leave." 29 C.F.R. § 825.110(f). Also, *Ahtna* was the sole entity who approved her FMLA leave each time. Thus, under the plain language of the CFR and the evidence admitted at trial, Advancia was not Plaintiff's "employer" under an "integrated employer" theory for her FMLA claim.

In addition, as in *Pulitzer,* no "integrated employer" exists where neither company "has any direct financial interest in the other," "each is organized as a separate and independent company," and "their relationship is solely determined by a contract providing for delivery," of its services. 618 F.2d at 1279. Where the "contract specifically provides that nothing contained in it shall be construed to suggest that the parties are general partners, limited partners, joint venturers, or joint employers," it is improper to find an "integrated employer" relationship. *Id.* Like in *Pulitzer*, the

joint venture contract between Ahtna and Advancia admitted at trial was formed with the purpose of bidding on the federal contract for the SSA NRC work. (Plaintiff's Stipulated Exhibit 92 at p. 3). The contract also confirms that Ahtna and Advancia "will perform their tasks **using their own employees**," so any decision Ahtna made regarding its employees was not attributable to Advancia, and vice-versa. (Plaintiff's Stipulated Exhibit 92 at p. 14) (emphasis added). Plaintiff's witness testimony further confirmed this distinction between Ahtna and Advancia, so judgment as a matter of law is appropriate.

     **b.**    **Under the "joint employer" test, Advancia is not Plaintiff's employer.**

Where two or more businesses exercise some control over the work or working conditions of the employee, the businesses may be joint employers under FMLA. 29 C.F.R. §825.106(a). Like the integrated employer test, there are factors to consider in determining whether a "joint employer" exists under the FMLA. The factors include: (1) Where there is an arrangement between employers to share an employee's services or to interchange employees; (2) Where one employer acts directly or indirectly in the interest of the other employer in relation to the employee; or (3) Where the employers are not completely disassociated with respect to the employee's employment and may be deemed to share control of the employee, directly or indirectly, because one employer controls, is controlled by, or is under common control with the other employer. 29 C.F.R. §825.106(a)(1)-(3). This is not a to be determined by "any single criterion, but rather the entire relationship is to be viewed in its totality." *Id.* As discussed in Section 3, below, Plaintiff's trial evidence is insufficient to demonstrate **both Ahtna and Advancia** had the: (1) "power to hire and fire" plaintiff; (2) the right to "supervise," "discipline," and control "plaintiff's schedule"; (3) the right to "determine[] plaintiff's rate and method of

pay," and (4) the right to maintain "plaintiff's employment records," Plaintiff could not demonstrate a joint employment relationship under the FMLA. *Schubert v. Bethesda Health Group, Inc.,* 319 F.Supp.2d 963, 971-72 (E.D. Mo. 2004). Plaintiff's failure to produce such evidence requires judgment in Advancia's favor.

> ### c. Plaintiff failed to produce sufficient evidence of an FMLA "integrated employer" or "joint employer" relationship between Ahtna and Advancia.

Plaintiff offers no evidence she exercised or attempted to exercise any FMLA rights with *Advancia*. At trial, as she did in summary judgment briefing, Plaintiff admitted: (1) she was a W-2 employee of **Ahtna** in 2022-2023; (2) from 2018 through March 29, 2023, only **Ahtna** paid Plaintiff's wages and withheld her taxes; that Advancia was not her employer at the time of her termination; **Ahtna** solely administered Plaintiff's health insurance—including FMLA decisions—from November 1, 2018 to March 29, 2023; she requested each FMLA leave approval from **Ahtna;** Plaintiff only requested FMLA leave between 2018 and March 29, 2023, from **Ahtna**; and that Plaintiff resolved this matter with **Ahtna** prior to trial. (Doc. 134).

> ### 2. Element 3: Plaintiff failed to produce sufficient evidence of causal connection between using FMLA and her termination.

The relevant date for temporal proximity is the date an employer knew of an employee's planned use of FMLA, not the date it ended. *Smith v. Allen Health Sys., Inc.*, 302 F.3d 827, 833 (8th Cir. 2002); accord 29 C.F.R. § 825.110(f) (The "employer" determination is made "when the employee gives notice of the need for leave."). The temporal proximity must be very close for it to create an inference of retaliation. *Sisk*, 669 F.3d at 900. Plaintiff's testimony and evidence cannot establish a causal connection sufficient for a prima facie case. Plaintiff's evidence confirms she had utilized FMLA leave on several prior occasions with no adverse

14

consequences—in 2019, 2021, and 2022. Plaintiff's evidence confirms received all the FMLA benefits she requested. Over the many years she utilized FMLA benefits, Plaintiff never had an issue with such use. Plaintiff requested her FMLA leave on August 4, 2022, and the Team made the decision to terminate her on January 24, 2023. The four months between Ahtna learning of Plaintiff's request for FMLA leave and her termination is too long, without more, to support a causal link. In *Malloy v. U.S. Postal Serv.*, 756 F.3d 1088, 1091 (8th Cir. 2014), the court found a postal worker's use of FMLA leave on several other occasions, without repercussions, undermined any inference of retaliatory intent. At trial, Plaintiff provided insufficient evidence of retaliatory intent, as is outlined in *Malloy*. Judgment as a matter of law in Advancia's favor is therefore appropriate.

## III. Plaintiff failed to produce sufficient evidence for punitive damages (MHRA), and liquidated damages (FMLA).

As discussed in Sections I and II above, Plaintiff failed to produce sufficient evidence to meet each element of her claims under the MHRA and FMLA. Therefore, Advancia is entitled to judgment as a matter of law on all claims. Assuming *arguendo* that Plaintiff made a submissible case, she failed to produce sufficient evidence for punitive damages (MHRA) and liquidated damages (FMLA).

### A. Plaintiff failed to produce sufficient evidence that Advancia is her employer, so Plaintiff failed to produce sufficient evidence for punitive damages (or any damages, for that matter).

The MHRA authorizes punitive damage awards. § 213.111.2. Under the MHRA, "to recover punitive damages, plaintiffs [must] adduce 'clear and convincing proof of a culpable mental state, either from a wanton, willful, or outrageous act, or from reckless disregard for an act's consequences such that an evil motive may be inferred.'" *Hill v. City of St. Louis*, 371 S.W.3d

66, 71 (Mo. App. E.D. 2012) (quoting *Alhalabi v. Mo. Dep't of Nat. Res.*, 300 S.W.3d 518, 529 (Mo. App. E.D. 2009)). "A submissible case [for punitive damages] is made if the evidence and the inferences drawn therefrom are sufficient to permit a reasonable juror to conclude that the plaintiff established with convincing clarity that the defendant's conduct was outrageous because of evil motive or reckless indifference." *Alhalabi*, 300 S.W.3d at 529. "Whether there is sufficient evidence to support an award of punitive damages is a question of law." *Diaz v. AutoZoners, LLC*, 484 S.W.3d 64, 88 (Mo. App. W.D. 2015) (quoting *Alhalabi*, 300 S.W.3d at 528).

Plaintiff's own evidence confirms she failed to mitigate for purposes of compensatory damages—as is demonstrated through her gross wages from Uber exceeding her former wages with Ahtna. Further, Plaintiff provided insufficient evidence of Advancia's evil motive or reckless indifference for her employment decision because Advancia was not her employer. In addition, each witness confirmed that they were not aware of any candidate's age when the Team considered people for roles with the 2023 contract. Therefore, Plaintiff may not recover punitive damages against Advancia. Judgment as a matter of law in Advancia's favor for punitive damages is appropriate.

### B. Plaintiff failed to produce sufficient evidence that Advancia is her employer, so she may not recover liquidated damages.

Only an employer an employer who violates the FMLA "shall be liable to any eligible employee affected" for lost wages, interest, and "an additional amount of liquidated damages equal to the sum of the amount" of lost wages and interest. *Marez v. Saint–Gobain Containers, Inc.*, 688 F.3d 958, 964 (8th Cir. 2012) (quoting 29 U.S.C. § 2617(a)(1)(A)(iii)) (emphasis added). An employer may avoid a liquidated damages award if it can show, to the court's satisfaction, that it "acted with subjective good faith and that it had an objectively reasonable belief that its

conduct did not violate the law." *Jackson v. City of Hot Springs*, 751 F.3d 855, 866 (8th Cir. 2014).

Plaintiff adduced insufficient evidence of Advancia's subjective good faith and objectively reasonable belief that it did not violate the law because Advancia was never Plaintiff's employer. Therefore, Plaintiff may not recover liquidated damages against Advancia. Judgment as a matter of law in Advancia's favor for liquidated damages is appropriate.

## **CONCLUSION**

Based on the foregoing, Advancia respectfully moves for judgment as a matter of law on all of Plaintiff's claims, and requests all relief that the Court may deem proper and just under the circumstances.

Dated: October 8, 2025       Respectfully submitted,

LATHROP GPM LLP

*/s/ Rebecca S. Yocum*
Rebecca S. Yocum (MO Bar #31149)
Jackson Hobbs (MO Bar #71004)
2345 Grand Boulevard, Suite 2200
Kansas City, Missouri 64108-2618
Telephone: (816) 292-2000
Facsimile: (816) 292-2001
rebecca.yocum@lathropgpm.com
jackson.hobbs@lathropgpm.com
*Attorneys For Defendant Advancia Technologies, LLC*

17