**INSTRUCTION NO. _1___**

*JUDGE COPY TO SIGN*

During this recess, and every other recess, do not discuss this case among yourselves or with anyone else, including your family and friends. Do not allow anyone to discuss the case with you or within your hearing. "Do not discuss" also means do not e-mail, send text messages, blog or engage in any other form of written, oral or electronic communication, as I instructed you earlier.

You must decide this case only from the evidence received by the court here in the courtroom and the instructions on the law that I give you.

Do not read any newspaper or other written account, watch any televised account or streamed video account, or listen to any streamed internet or radio program on the subject of this trial.

Do not conduct any Internet research or consult with any other sources about this case, the people involved in the case, its general subject matter, or the law.

You must keep your mind open and free of outside information. Only in this way will you be able to decide the case fairly, based solely on the evidence received in court and my instructions on the law. If you decide this case on anything else, you will have done an injustice. It is very important that you follow these instructions.

I might not repeat these things to you before every recess, but keep them in mind until you are discharged.

## INSTRUCTION NO. _2___

Members of the Jury: I am now going to give you some instructions about this case and about your duties as jurors. At the end of the trial I will give you more instructions. I may also give you instructions during the trial. All instructions - those I give you now and those I give you later - whether they are in writing or given to you orally – are equally important and you must follow them all.

You must leave your cell phone, PDA, smart phone, iPhone, tablet computer, and any other wireless communication devices in the jury room during the trial and may only use them during breaks. However, you are not allowed to have those devices in the jury room during your deliberations. You must give them to the Courtroom Deputy for safekeeping just before you start to deliberate. They will be returned to you when your deliberations are complete.

This case involves the employment of Plaintiff Jeanette Scott, who formerly worked as an Assistant Supervisor at the National Records Centers in Independence, Missouri. Ahtna Engineering Services, LLC and Defendant Advancia Technologies, LLC formed a joint venture and were awarded the contract for work handling Social Security Administration records at the National Records Center, beginning in 2017. A new contract was awarded in 2023, with less staff being needed. Ms. Scott was among those employees not selected for work under the new contract.

Ms. Scott claims she was selected because of her age and/or her use of medical leave pursuant to the Family Medical Leave Act. Ms. Scott claims that she was jointly employed by both Ahtna and Defendant Advancia as part of their joint venture.

Advancia denies these allegations and alleges the decision not to select Ms. Scott was lawful, and unrelated to her age or use of leave. Advancia further alleges that it was not Ms. Scott's employer.

Your duty is to decide what the facts are from the evidence. You are allowed to consider the evidence in the light of your own observations and experiences. After you have decided what the facts are, you will have to apply those facts to the law that I give you in these and in my other instructions. That is how you will reach your verdict. Only you will decide what the facts are. However, you must follow my instructions, whether

you agree with them or not. You have taken an oath to follow the law that I give you in my instructions.

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness says, or only part of it, or none of it.

In deciding what testimony to believe, consider the witnesses' intelligence, their opportunity to have seen or heard the things they testify about, their memories, any reasons they might have to testify a certain way, how they act while testifying, whether they said something different at another time, whether their testimony is generally reasonable, and how consistent their testimony is with other evidence that you believe.

Do not let sympathy, or your own likes or dislikes, influence you. The law requires you to come to a just verdict based only on the evidence, your common sense, and the law that I give you in my instructions, and nothing else.

Nothing I say or do during this trial is meant to suggest what I think of the evidence or what I think your verdict should be.

## INSTRUCTION NO. _3___

When I use the word "evidence," I mean the testimony of witnesses, documents and other things I receive as exhibits, facts that I tell you the parties have agreed are true, and any other facts that I tell you to accept as true.

Some things are not evidence. I will tell you now what is not evidence:

1. Lawyers' statements, arguments, questions, and comments are not evidence.

2. Documents or other things that might be in court or talked about, but that I do not receive as exhibits are not evidence.

3. Objections are not evidence. Lawyers have a right – and sometimes a duty – to object when they believe something should not be a part of the trial. Do not influenced one way or the other by objections.

If I sustain a lawyer's objection to a question or an exhibit, that means the law does not allow you to consider that information. When that happens, you have to ignore the question or the exhibit, and you must not try to guess what the information might have been.

4. Testimony and exhibits that I strike from the record, or tell you to disregard, are not evidence, and you must not consider them.

5. Anything you see or hear about this case outside the courtroom is not evidence, and you must not consider it.

Also, I might tell you that you can consider a piece of evidence for one purpose only, and not for any other purpose. If that happens, I will tell you what purpose you can consider the evidence for and what you are not allowed to consider it for. You need to pay close attention when I give an instruction about evidence that you can consider for only certain purposes, because you might not have that instruction in writing later in the jury room.

Some of you may have heard the terms "direct evidence" and "circumstantial evidence." You should not be concerned with those terms, since the law makes no distinction between the weight to be given to direct and circumstantial evidence.

# INSTRUCTION NO. _4__

During the trial, I will sometimes need to talk privately with the lawyers. I may talk with them here at the bench while you are in the courtroom, or I may call a recess and let you leave the courtroom while I talk with the lawyers. Either way, please understand that while you are waiting, we are working. We have these conferences to make sure that the trial is proceeding according to the law and to avoid confusion or mistakes. We will do what we can to limit the number of these conferences and to keep them as short as possible.

# INSTRUCTION NO. _5_

At the end of the trial, you will have to make your decision based on what you recall of the evidence. You will not have a written copy of the testimony to refer to. Because of this, you must pay close attention to the testimony and other evidence as it is presented here in the courtroom.

If you wish, however, you may take notes to help you remember what the witnesses say. If you take notes, do not show them to anyone until you and your fellow jurors go to the jury room to decide the case after you have heard and seen all of the evidence. And do not let taking notes distract you from paying close attention to the evidence as it is presented. The Courtroom Deputy will provide each of you with a pad of paper and a pen or pencil.

When you leave at night, your notes will be locked up and returned to you when you return. When the trial is over your notes will be destroyed. They will not be read by anyone other than you.

## INSTRUCTION NO. _6___

Jurors, to make sure this trial is fair to all parties, you must follow these rules:

*First*, do not talk or communicate among yourselves about this case, or about anyone involved with it, until the end of the trial when you go to the jury room to consider your verdict.

*Second*, do not talk with anyone else about this case, or about anyone involved with it, until the trial has ended and you have been discharged as jurors.

*Third*, when you are outside the courtroom, do not let anyone tell you anything about the case, or about anyone involved with it until the trial has ended and your verdict has been accepted by me. If someone tries to talk to you about the case during the trial, please report it to the Courtroom Deputy.

*Fourth*, during the trial, do not talk with or speak to any of the parties, lawyers, or witnesses in this case – not even to pass the time of day. It is important not only that you do justice in this case, but also that you act accordingly. If a person from one side of the lawsuit sees you talking to a person from the other side – even if it is just about the weather – that might raise a suspicion about your fairness. So, when the lawyers, parties and witnesses do not speak to you in the halls, on the elevator or the like, please understand that they are not being rude. They know they are not supposed to talk to you while the trial is going on, and they are just following the rules.

*Fifth*, you may need to tell your family, close friends, and other people that you are a part of this trial. You can tell them when you have to be in court. But you must warn them not to ask you about this case, tell you anything they know or think they know about this case, or talk about this case in front of you. Remember: You must not communicate with anyone in any manner about anything or anyone, including the court, related to this case.

You must not tell anyone anything about the jury's deliberations in this case until after I accept your verdict or until I give you specific permission to do so. If you talk about the case with someone besides the other jurors during deliberations, it looks as if you might already have decided the case or that you might be influenced in your

verdict by their opinions. That would not be fair to the parties, and it might result in the verdict being thrown out and the case having to be tried over again.

During the trial, while you are in the courthouse and after you leave for the day, do not give any information to anyone, by any means, about this case.

*Sixth*, do not do any research or investigate the case facts or the law-- on the Internet, in libraries, newspapers, dictionaries or otherwise. Do not visit or view any place discussed in this case, and do not use the Internet or other means to search for or view any place discussed in the testimony.

*Seventh*, do not read or otherwise receive any information, including any news stories or Internet articles or blogs that are about the case, or about anyone involved with it. Do not listen to any radio or television reports, or digital streaming, about the case or about anyone involved with it. I do not know whether there will be news reports about this case, but if there are, you might accidentally find yourself reading or listening to something about the case. If you want, you can have someone collect information or clip out any stories and set them aside to give to you after the trial is over.

The parties have a right to have you decide their case based only on evidence admitted here in court. If you research, investigate, or experiment on your own, or get information from other sources, your verdict might be influenced by inaccurate, incomplete, or misleading information. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through cross-examination. All of the parties are entitled to a fair trial before an impartial jury, and you have to conduct yourselves in a way that assures the integrity of the trial process. If you decide a case based on information not admitted in court, you will deny the parties a fair trial. You will deny them justice. Remember, you have taken an oath to follow the rules, and you must do so.

*Eighth*, do not make up your mind during the trial about what your verdict should be. Keep an open mind until after you and your fellow jurors have discussed all the evidence.

*Ninth,* it is important that you discharge your duties as jurors without discrimination or bias against any party, witness, or counsel on account of that person's

race, color, ethnicity, national origin, religion, lack of religion, gender, gender identity, sexual orientation, disability, or economic circumstances.

## INSTRUCTION NO. _7_

The trial will proceed in the following manner:

First, the plaintiff's lawyer may make an opening statement. Next, the defendant's lawyers may make an opening statement. An opening statement is not evidence, but it is a summary of the evidence the lawyers expect you will see and hear during the trial.

After opening statements, the plaintiff will then present evidence. The defendant's lawyers will have a chance to cross-examine the plaintiff's witnesses. After the plaintiff has finished presenting her case, the defendant may present evidence, and the plaintiff's lawyer will have a chance to cross-examine their witnesses.

After you have seen and heard all of the evidence from both sides, the lawyers will make closing arguments that summarize and interpret the evidence. Just as with opening statements, closing arguments are not evidence. Before the closing arguments, I will instruct you further on the law. After the lawyers' arguments and after the court's instructions you will go to the jury room to deliberate and decide on your verdict.

# INSTRUCTION NO. _8__

During this recess, and every other recess, do not discuss this case among yourselves or with anyone else, including your family and friends. Do not allow anyone to discuss the case with you or within your hearing. "Do not discuss" also means do not e-mail, send text messages, blog or engage in any other form of written, oral or electronic communication, as I instructed you before.

Do not read or listen to any statements about this trial in any method of communication, including any newspaper or other written account, any televised account, any radio program, any digital streaming or other production, on the Internet or elsewhere. Do not conduct any Internet research or consult with any other sources about this case, the people involved in the case, or its general subject matter. You must keep your mind open and free of outside information. Only in this way will you be able to decide the case fairly based solely on the evidence and my instructions on the law. If you decide this case on anything else, you will have done an injustice. It is very important that you follow these instructions.

As I instructed you earlier, it is important that you discharge your duties as jurors without discrimination or bias regarding any party, witness, or counsel on account of race, color, ethnicity, national origin, religion, lack of religion, gender, gender identity, sexual orientation, disability, or economic circumstances.

I may not repeat these things to you before every recess, but keep them in mind throughout the trial.

# INSTRUCTION NO. _9___

Members of the jury, the instructions I gave at the beginning of the trial and during the trial are still in effect. Now I am going to give you additional instructions.

You have to follow all of my instructions – the ones I gave you earlier, as well as those I give you now. Do not single out some instructions and ignore others, because they are all important. This is true even though I am not going to repeat some of the instructions I gave you at the beginning of and during the trial.

You will have copies of the instructions I am about to give you now in the jury room.

You must discharge your duties as jurors in your deliberations and rendering of a verdict without discrimination or bias against any party, witness, or counsel regarding race, color, ethnicity, national origin, religion, lack of religion, gender, gender identity, sexual orientation, disability, or economic circumstances.

## INSTRUCTION NO. _10_

The plaintiff and the defendants have stipulated – that is, they have agreed – that the following facts are true. You must, therefore, treat those facts as having been proved.

1. Advancia Technologies, LLC is an Oklahoma limited liability company.

2. Ahtna Engineering Services, LLC is an Alaska limited liability company.

3. Advancia Technologies, LLC and Ahtna Engineering Services, LLC performed contracts with the Social Security Administration National Records Center in Independence, Missouri.

4. The business conducted at the National Records Center is maintaining paper records and files on behalf of Social Security Administration.

5. The Social Security Administration solicits bids from contractors for maintaining its paper records and files at the National Records Center and awards contracts to the successful bidder for a typical five year contract term.

6. Ahtna Engineering Services, LLC held the Social Security Administration National Records Center contract from 2007 until the contract expired in 2017.

7. In 2017, Advancia Technologies, LLC and Ahtna Engineering Services, LLC formed a joint venture called Advancia Ahtna JV, LLC for the purpose of pursuing federal contracting.

8. Advancia Ahtna JV, LLC was awarded the Social Security Administration National Records Center contract in late 2017 and held the contract through 2023.

9. A different Ahtna subsidiary and Advancia created a new joint venture to compete for and perform a federal contract for the SSA at the NRC between 2023 and 2028.

10. The new joint venture was awarded the contract in early 2023.

11.     For the 2023 contract, two Assistant Supervisors were not retained.

12.     Joe Martinez is the Site Manager of the National Records Center and was employed by Ahtna Engineering Services, LLC in 2023.

13.     Today, Mr. Martinez is employed by Advancia Technologies, LLC as the Site Manager of the National Records Center.

14.     Rob Buzan was the Alternate Site Manager at the National Records Center and was employed by Advancia Technologies, LLC in 2023.

15.     Kjersti Parker was Advancia Technologies, LLC's Director of Professional Services in 2023.

16.     Jade Von Halle was Ahtna Engineering Services, LLC's Assistant Operations Manager in 2023.

17.     Plaintiff requested and received FMLA leave in 2019, 2021, and 2022.

18.     Ahtna Engineering Services, LLC did not dispute or deny Plaintiff's use of FMLA leave at any time.

19.     Plaintiff was advised of her termination on March 29, 2023.

20.     Plaintiff, born in October 1968, was 54 at the time of her termination.

21.     Plaintiff was paid $27.60 per hour at the end of her employment in 2023.

## INSTRUCTION NO. _11_

I have not intended to suggest what I think your verdict should be by any of my rulings or comments during the trial.

## INSTRUCTION NO. _12___

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness said, or only part of it, or none of it.

You may consider a witness's intelligence; the opportunity the witness had to see or hear the things testified about; a witness's memory, knowledge, education, and experience; any reasons a witness might have for testifying a certain way; how a witness acted while testifying; whether a witness said something different at another time; whether a witness's testimony sounded reasonable; and whether or to what extent a witness's testimony is consistent with other evidence you believe.

In deciding whether to believe a witness, remember that people sometimes hear or see things differently and sometimes forget things. You will have to decide whether a contradiction is an innocent misrecollection, or a lapse of memory, or an intentional falsehood. That may depend on whether it has to do with an important fact or only a small detail.

## INSTRUCTION NO. _13__

You must decide whether certain facts have been proved by the greater weight of the evidence. A fact has been proved by the greater weight of the evidence, if you find that it is more likely true than not true. You decide that by considering all of the evidence and deciding what evidence is more believable.

You have probably heard the phrase "proof beyond a reasonable doubt." That is a stricter standard than "more likely true than not true." It applies in criminal cases, but not in this civil case; so put it out of your mind.

There is a different burden of proof that applies to punitive damages. A party seeking to recover punitive damages has the burden to cause you to believe that the evidence has clearly and convincingly established the facts necessary to recover punitive damages.

**INSTRUCTION NO. __14___**

There are rules you must follow when you go to the jury room to deliberate and return with your verdict.

*First*, you will select a foreperson. That person will preside over your discussions and speak for you here in court.

*Second*, your verdict must be the unanimous decision of all jurors. Therefore, it is your duty, as jurors, to discuss this case with one another in the jury room. You should try to reach agreement, if you can do this without going against what you believe to be true.

Each of you must come to your own decision, but only after you have considered all the evidence, discussed the evidence fully with your fellow jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your mind if the discussion persuades you that you should. But, do not come to a decision just because other jurors think it is right, or just to reach a unanimous verdict. Remember you are not for or against any party. You are judges – judges of the facts. Your only job is to study the evidence and decide what is true.

*Third,* during your deliberations, including during any recess taken during deliberations, you must not, directly or indirectly, communicate with or provide any information to anyone by any means or by any medium, about anything relating to this case, until I accept your verdict and discharge you from further service in this case.

*Fourth,* as stated in my instructions at the beginning of the trial, you may not in any manner seek out or receive any information about the case from any source other than the evidence received by the court and the law of the case I have provided to you. You are only permitted to discuss the case with your fellow jurors during deliberations because they have seen and heard the same evidence you have. In our judicial system, it is important that you are not influenced by anything or anyone outside of this courtroom. Otherwise, your decision may be based on information known only by you and not your fellow jurors or the parties in the case. This would unfairly and adversely impact the judicial process.

*Fifth,* if you need to communicate with me during your deliberations, send me a note signed by one or more of you. Give the note to the Courtroom Deputy and I will answer you as soon as I can, either in writing or here in court. While you are deliberating, do not tell anyone - including me - how many jurors are voting for any side.

*Sixth*, nothing I have said or done was meant to suggest what I think your verdict should be. The verdict is entirely up to you.

*Finally,* the verdict form is your written decision in this case. The forms read: (read forms). You will take these forms to the jury room, and when you have all agreed on the verdicts, your foreperson will fill in the forms, sign and date them, and tell the court officer that you are ready to return to the courtroom.

**INSTRUCTION NO. __15__**

One of your roles in this case is to determine the answers to the following questions. Please answer the following questions about the working relationship between plaintiff and defendant. The foreperson should sign and date this form, and return it along with the verdicts forms once completed.

**Note:** Complete the following paragraphs by marking the answer required by your findings. You must answer each of the following questions:

**Question No. 1:** Did Defendant Advancia Technologies, LLC have the ability to hire and fire Plaintiff Jeanette Scott?

___X___Yes        _____No
(Mark an "X" in the appropriate space.)

**Question No. 2:** Did Defendant Advancia Technologies, LLC have the ability to supervise and control Plaintiff Jeanette Scott's conditions of work and schedule?

___X___Yes        _____No
(Mark an "X" in the appropriate space.)

**Question No. 3:** Did Defendant Advancia Technologies, LLC maintain records regarding the work Plaintiff Jeanette Scott performed?

___X___Yes        _____No
(Mark an "X" in the appropriate space.)

**Question No. 4:** Did Defendant Advancia Technologies, LLC provide the equipment used for Plaintiff Jeanette Scott's work?

_____Yes        ___X___No
(Mark an "X" in the appropriate space.)

**Question No. 5:** Did Plaintiff Jeanette Scott perform work for the simultaneous benefit of Defendant Advancia Technologies, LLC and Ahtna Engineering Services, LLC?

_____X_____Yes _____No
(Mark an "X" in the appropriate space.)

**Question No. 6:** Did Ahtna Engineering Services, LLC and Defendant Advancia Technologies, LLC have an agreement to share Plaintiff Jeanette Scott and other employees' services or interchange employees?

_____X_____Yes _____No
(Mark an "X" in the appropriate space.)

**Question No. 7:** Did Ahtna Engineering Services, LLC and Defendant Advancia Technologies, LLC act directly or indirectly in the interest of one another?

_____X_____Yes _____No
(Mark an "X" in the appropriate space.)

**Question No. 8:** Are Ahtna Engineering Services, LLC and Defendant Advancia Technologies, LLC not completely disassociated with respect to Plaintiff Jeanette Scott's employment and may be deemed to share control of Plaintiff, directly or indirectly, because one employer controls, is controlled by, or is under common control with the other employer?

_____X_____Yes _____No
(Mark an "X" in the appropriate space.)

**Question No. 9:** Did Ahtna Engineering Services, LLC and Defendant Advancia Technologies, LLC have common management?

_____X_____Yes _____No
(Mark an "X" in the appropriate space.)

**Question No. 10:** Did Ahtna Engineering Services, LLC and Defendant Advancia Technologies, LLC have interrelations between operations?

___X___Yes  _____No
(Mark an "X" in the appropriate space.)

**Question No. 11:** Did Ahtna Engineering Services, LLC and Defendant Advancia Technologies, LLC have centralized control of labor relations?

___X___Yes  _____No
(Mark an "X" in the appropriate space.)

**Question No. 12:** Did Ahtna Engineering Services, LLC and Defendant Advancia Technologies, LLC have common ownership and financial control over Plaintiff Jeanette Scott's employment?

___X___Yes  _____No
(Mark an "X" in the appropriate space.)

Dated: _October 8, 2025_

Foreperson _____

## INSTRUCTION NO. _16_

There are two claims submitted to you and each of them contains a separate verdict form. The verdict forms included in these instructions contain directions for completion and will allow you to return the permissible verdicts in this case. All of you must agree in order to return any verdict.

**INSTRUCTION NO. _17_**

Instructions ____18____ through ____21____ and general instructions 1 through ____16____ apply to the claim of Plaintiff Jeanette Scott for age discrimination in violation of the Missouri Human Rights Act. Use Verdict _A_ to return your verdict on this claim.

**INSTRUCTION NO. _18_**

Your verdict must be for Plaintiff Jeanette Scott and against Defendant Advancia Technologies, LLC on her age discrimination claim if you believe:

First, Defendant Advancia Technologies, LLC discharged Plaintiff from employment; and

Second, Plaintiff's age actually played a role in and had a determinative influence on such action; and

Third, such conduct directly caused damage to Plaintiff.

**INSTRUCTION NO. _19_**

Your verdict must be for Defendant Advancia Technologies, LLC if you believe Defendant Advancia discharged Plaintiff Jeanette Scott because it believed she was not the best candidate for one of the Assistant Supervisor positions under the new contract as an exercise of sound business judgment without regard to plaintiff's age, even if you disagree with such decision or believe it to be harsh.

**INSTRUCTION NO. _20_**

If you find in favor of Plaintiff Jeanette Scott under Instruction _18_, then you must award Plaintiff such sum as you believe will fairly and justly compensate Plaintiff for any actual damages including back pay, other past economic losses, and any past emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-economic losses as a direct result of the occurrence mentioned in the evidence.

## INSTRUCTION NO. _21_

If you find the issues in favor of Plaintiff Jeanette Scott, and if you believe the conduct of Defendant as submitted in Instruction Number __18__ was outrageous because of Defendant's evil motive or reckless indifference to the rights of others, then in addition to any damages to which you find Plaintiff entitled under Instruction Number __20___, you may award Plaintiff an additional amount as punitive damages in such sum as you believe will serve to punish Defendant and to deter Defendant and others from like conduct.

You may consider harm to others in determining whether Defendant's conduct was outrageous. However, in determining the amount of any punitive damage award, you must not include damages for harm to others who are not parties to this case.

**INSTRUCTION NO. _22_**

Instructions ____22____ through _32_ and general instructions _1__ through ___16_____ apply to the claim of Plaintiff Jeanette Scott for retaliation in violation of the Family Medical Leave Act, or FMLA. Use Verdict _B_ to return your verdict on this claim.

## INSTRUCTION NO._23_

In general, the Family and Medical Leave Act (FMLA) allows an eligible employee to take up to 12 weeks of unpaid leave per year because of her own serious health condition or for other qualifying reasons, and to return to her same job or a substantially similar job after taking leave.

The FMLA states: "It shall be unlawful for any employer to discharge or in any other manner discriminate against any individual for opposing any practice made unlawful" by the Act. These provisions prohibit what is sometimes called "FMLA retaliation." They are intended to ensure that employees can take leave and assert their rights under the Family and Medical Leave Act without being penalized for it.

**INSTRUCTION NO. _24_**

The FMLA does not protect an employee from adverse actions that an employer would have taken regardless of whether the employee exercised rights under the FMLA. In other words, the fact that Ms. Scott exercised her rights under the FMLA did not give her any special rights or special protection against having her position eliminated, as long as an employer did not take action against her *because* she exercised her rights under the FMLA.

Ultimately, the question of the reason(s) for the decision to eliminate Ms. Scott's position is one for you to decide based on all the evidence you have seen and heard.

## INSTRUCTION NO._25_

You may not return a verdict for the plaintiff just because you might disagree with the defendant Advancia's decision or believe it to be harsh or unreasonable.

## INSTRUCTION NO. _26____

Your verdict must be for Plaintiff Jeanette Scott and against Defendant Advancia Technologies, LLC on the plaintiff's claim for FMLA retaliation if all the following elements have been proved:

*First*, the plaintiff was eligible for leave and

*Second*, the plaintiff had a serious health condition (as defined in Instruction __27__); and

*Third*, the plaintiff was absent from work because of that serious health condition; and

*Fourth*, the plaintiff gave the defendant timely notice (as defined in Instruction _29_) of her need to be absent from work; and

*Fifth*, the defendant discharged the plaintiff; and

*Sixth*, the plaintiff's absence from work was a motivating factor in the defendant's decision to discharge the plaintiff.

However, your verdict must be for Defendant Advancia if any of the above elements has not been proved.

You may find that the plaintiff's absence from work was a motivating factor in the defendants' decision if it has been proved that Defendant Advancia's stated reasons for the decision are a pretext to hide retaliation.

## INSTRUCTION NO. _27_

The phrase a "serious health condition" as used in these instructions means an illness, injury, impairment, or physical or mental condition that involves:

Incapacity plus treatment, which means a period of incapacity (inability to work, attend school or perform other regular daily activities) of more than three consecutive full, calendar days, including any subsequent treatment or period of incapacity relating to the same condition that also involves:

1) In-person treatment two or more times by a health care provider (as defined in Instruction _28_), by a nurse under direct supervision of a health care provider (as defined in Instruction _28_), or by a provider of health services (for example, a physical therapist) under orders of, or on referral by, a health care provider (as defined in Instruction _28_); or

2) In-person treatment by a health care provider (as defined in Instruction _28_) on at least one occasion that results in a regimen of continuing treatment under the supervision of the health care provider (as defined in Instruction _28_).

**INSTRUTION NO. _28__**

As used in these instructions the phrase "health care provider" includes doctor of medicine, optometrist, or nurse practitioner, so long as the provider is authorized to practice in the State and is performing within the scope of his practice.

**INSTRUCTION NO. _29___**

      The phrase "timely notice" as used in these instructions means that she must have notified one or both of the defendants of her need for leave at least 30 days before the leave was to begin. Absent unusual circumstances, the plaintiff must comply with the defendant's usual and customary notice requirements for requesting leave.

**INSTRUCTION NO. _30_**

If you find in favor of the plaintiff under Instruction _26_, then you must answer the following question in the verdict forms: Has it been proved that defendant Advancia would have discharged the plaintiff even if defendant Advancia had not considered the plaintiff's absence from work?

## INSTRUCTION NO. _31_

If you find in favor of Plaintiff Jeanette Scott under Instruction __26__ then you must determine whether Defendant Advancia's decision to select Plaintiff for discharge was willful. Defendant Advancia's conduct was willful if it has been proved that Defendant either knew that its conduct was prohibited by the Family Medical Leave Act, or showed reckless disregard for whether its conduct was prohibited by the Family Medical Leave Act.

## INSTRUCTION NO. _32___

If you find in favor of Plaintiff Jeanette Scott under Instruction _26__ then you must award Plaintiff the amount of any wages, salary, employment benefits, and other compensation the plaintiff would have earned in her employment with Defendant Advancia if she had not been discharged on March 29, 2023 through the date of your verdict, minus the amount of earnings and benefits from other employment received by Plaintiff during that time.

You are also instructed that Plaintiff has a duty under the law to "mitigate" her damages – that is, to exercise reasonable diligence under the circumstances to minimize her damages. Therefore, if it has been proved that the plaintiff failed to seek out or take advantage of an opportunity that was reasonably available to her, you must reduce her damages by the amount she reasonably could have avoided if she had sought out or taken advantage of such an opportunity.

Remember, throughout your deliberations, you must not engage in any speculation, guess, or conjecture and you must not award damages under this Instruction by way of punishment or through sympathy.